**PROSKAUER ROSE LLP**
Russell L. Hirschhorn (*pro hac vice*)
Myron D. Rumeld (*pro hac vice* to be filed)
Joseph E. Clark (SBN 281021)
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: rhirschhorn@proskauer.com
Email: mrumeld@proskauer.com
Email: jclark@proskauer.com

**PROSKAUER ROSE LLP**
Tulio D. Chirinos (*pro hac vice*)
2255 Glades Rd., Suite 421 Atrium
Boca Raton, FL 33431-7360
Telephone: (561) 241-7400
Facsimile: (561) 241-7145
Email: tchirinos@proskauer.com

**PROSKAUER ROSE LLP**
Scott P. Cooper (SBN 96905)
Jennifer L. Jones (SBN 284624)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
Email: scooper@proskauer.com
Email: jljones@proskauer.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| Yvonne Becker,<br><br>                     Plaintiff,<br><br>    vs.<br><br>Wells Fargo & Co.; Employee Benefit Review Committee; Human Resources Committee of the Board of Directors of Wells Fargo & Co.; Ronald L. Sargent; Wayne M. Hewett; Donald M. James; Maria R. Morris; Wells Fargo Bank, National; and Galliard Capital Management,<br><br>                   Defendants. | CASE NO.   4:20-CV-01803-JST<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>Hearing Date:    July 15, 2020<br>Time:            2:00 p.m.<br>Judge:          Hon. Jon S. Tigar<br>Courtroom:    6, 2nd Floor<br>Complaint Filed:  March 13, 2020 |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT the following motion will be heard at 2:00 p.m. on Wednesday, July 15, 2020, or as soon thereafter as the matter may be heard, in Courtroom 6 of this Court, located at 1301 Clay Street, Oakland, California 94612 before the Honorable Jon S. Tigar.

Defendants move pursuant to 28 U.S.C. § 1404(a) for an Order transferring this action to the United States District Court for the District of Minnesota (1) pursuant to the forum selection clause in the Wells Fargo & Company 401(k) Plan, and (2) for the convenience of the parties and witnesses, and in the interests of justice. This Motion is based on this Notice and the attached Memorandum of Points and Authorities, along with the accompanying Declaration of Gretchen Lennon and supporting exhibits, the pleadings in this action, and such other materials and evidence as may be presented to the Court.

1

## <u>TABLE OF CONTENTS</u>

2
**Page**

3    NOTICE OF MOTION ......................................................................................................... i

4    TABLE OF AUTHORITIES ............................................................................................... ii

5    PRELIMINARY STATEMENT ........................................................................................... 1

6    STATEMENT OF FACTS ................................................................................................... 2

7            A.    The Wells Fargo & Company 401(k) Plan ............................. 2

8            B.    The Complaint ....................................................................... 2

9            C.    The Plan's Forum Selection Clause ....................................... 4

10           D.    Administration Of The Plan .................................................. 4

11           E.    Investment Of Plan Assets .................................................... 5

12           F.    Defendant Wells Fargo ......................................................... 5

13    ARGUMENT .................................................................................................................... 6

14    I.    THIS CASE SHOULD BE TRANSFERRED TO THE DISTRICT OF MINNESOTA IN
         ACCORDANCE WITH SECTION 1404(a) AND THE PLAN'S FORUM SELECTION
15        CLAUSE. ............................................................................................................ 6

16           A.    Venue Is Clearly Proper In The District Of Minnesota. ................ 6

17           B.    Transfer Of This Action Will Promote "The Convenience Of The
                  Parties And The Interests Of Justice." ............................................. 7
18
                  1.    The Plan Has A Valid Forum Selection Clause That Requires
19                       Transfer Of This Action To The District of Minnesota. ................ 9

20                  2.    The Applicable "Public Interest Factors" Favor Enforcement
                        Of The Forum Selection Clause. ..................................................... 11
21
                  3.    The Traditional Section 1404(a) Factors Strongly Favor
22                       Transfer Of This Action To The District Of Minnesota. ................ 13

23    CONCLUSION ................................................................................................................ 15
24

25

26

27

28

i

## TABLE OF AUTHORITIES

Page(s)

CASES

*Angel Jet Servs., L.L.C. v. Red Dot Bldg. Sys.' Emp. Benefit Plan*,
    No. 09-cv-2123, 2010 WL 481420 (D. Ariz. Feb. 8, 2010) ........................................10

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*,
    No. 14-cv-2139, 2015 WL 12733443 (C.D. Cal. Apr. 10, 2015) ...........................9, 10

*Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*,
    571 U.S. 49 (2013)...........................................................................................6, 8

*Bernikow v. Xerox Corp. Long–Term Disability Income Plan*,
    No. 06-cv-2612, 2006 WL 2536590 (C.D. Cal. Aug. 29, 2006) .................................10

*Creative Tech., Ltd. v. Aztech Sys. PTE, Ltd.*,
    61 F.3d 696 (9th Cir. 1995) ................................................................................8

*Cripps v. Life Ins. Co. of N. Am.*,
    980 F.2d 1261 (9th Cir. 1992) ............................................................................7

*David v. Alphin*,
    No. 06-cv-4763, 2007 WL 39400 (N.D. Cal. Jan. 4, 2007).................................14, 15

*Devaux-Spitzley v. Prudential Ins. Co. of Am.*,
    No. 18-cv-4436-JST, 2019 WL 935137 (N.D. Cal. Feb. 26, 2019) ..............7, 8, 13, 14

*Dorman v. Charles Schwab Corp.*,
    780 F. App'x 510 (9th Cir. 2019) ......................................................................11

*Dorman v. Charles Schwab Corp.*,
    934 F.3d 1107 (9th Cir. 2019) .......................................................................1, 10

*Feather v. SSM Health Care*,
    216 F. Supp. 3d 934 (S.D. Ill. 2016) ..................................................................10

*Fey v. Bd. of Pensions of the Evangelical Lutheran Church in Am.*,
    No. 19-cv-5914, 2020 U.S. Dist. LEXIS 26269 (N.D. Cal. Feb. 14, 2020) ................10

*Foster v. Nationwide Mut. Ins. Co.*,
    No. 07-cv-4928, 2007 WL 4410408 (N.D. Cal. Dec. 24, 2007)................................15

*Gipson v. Wells Fargo & Co.*,
    563 F. Supp. 2d 149 (D.D.C. 2008) ............................................................ passim

*Hulac v. Fed. Express Corp.*,
    No. 08-cv-1557, 2008 WL 11337722 (N.D. Cal. July 2, 2008) .................................13

*Hunt Wesson Foods, Inc. v. Supreme Oil Co.*,
    817 F.2d 75 (9th Cir. 1987) ..............................................................................10

ii

*In re Matthias*,
  867 F.3d 727 (7th Cir. 2017) ........................................................................9

*In re Vorpahl*,
  695 F.2d 318 (8th Cir. 1982) ......................................................................12

*Ingram v. Martin Marietta Long Term Disability Income Plan*
  *for Salaried Emps. of Transferred GE Operations*,
  244 F.3d 1109 (9th Cir. 2001) ...................................................................12

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ......................................................................................7

*Italian Colors Rest. v. Am. Express Co.*,
  No. 03-cv-3719, 2003 WL 22682482 (N.D. Cal. Nov. 10, 2003) ...............14

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ........................................................................8

*Laasko v. Xerox Corp.*,
  566 F. Supp. 2d 1018 (C.D. Cal. 2008) ......................................................10

*Lightfoot v. MoneyonMobile, Inc.*,
  No. 18-cv-7123, 2019 WL 2476624 (N.D. Cal. June 13, 2019) ...................6

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
  858 F.2d 509 (9th Cir. 1988) ......................................................................10

*Marin v. Xerox Corp.*,
  935 F. Supp. 2d 943 (N.D. Cal. 2013) ..........................................................9

*Martensen v. Koch*,
  No. 12-cv-5257, 2013 WL 4734000 (N.D. Cal. Sept. 3, 2013) ....................2

*Meiners v. Wells Fargo & Company*,
  898 F.3d 820 (8th Cir. 2018) ........................................................................1

*Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*,
  60 F. Supp. 3d 1109 (E.D. Cal. 2014)...........................................................2

*M/S Bremen v. Zapata Off–Shore Co.*,
  407 U.S. 1 (1972) ..........................................................................................9

*Nozolino v. Hartford Life & Accident Ins. Co.*,
  No. 12-cv-4314-JST, 2013 WL 2468350 (N.D. Cal. June 7, 2013) .........6, 13

*Peters v. Wells Fargo Bank, N.A.*,
  No. 17-cv-4367-JST, 2018 WL 398238 (N.D. Cal. Jan. 12, 2018) ........12, 13

*Rapp v. Henkel of Am.*,
  No. 18-cv-1128, 2018 WL 6307904 (C.D. Cal. Oct. 3, 2018) ........9, 10, 12, 14

*Rodriguez v. PepsiCo Long Term Disability Plan*,
  716 F. Supp. 2d 855 (N.D. Cal. 2010) ..........................................................9

iii

*Schott v. Ivy Asset Mgmt. Corp.*,
    No. 10-cv-1562, 2010 WL 4117467 (N.D. Cal. Oct. 19, 2010) ....................................14

*Smith v. Aegon Cos. Pension Plan*,
    769 F.3d 922 (6th Cir. 2014) .........................................................................9, 11

*Stern v. Advanta Bank Corp.*,
    No. 09-cv-3276, 2010 WL 1028375 (N.D. Cal. Mar. 18, 2010) ................................9

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988).......................................................................................8

*Testa v. Becker*,
    No. 10-cv-638, 2010 WL 1644883 (C.D. Cal. Apr. 22, 2010) ...............................10

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964).....................................................................................7

*Williams v. Sears Roebuck & Co.*,
    No. 97-cv-3794, 1998 WL 61307 (N.D. Cal. Jan. 29, 1998)..................................13

STATUTES

28 U.S.C. § 1404(a) ......................................................................................... passim

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2)  ...............................................................1, 3

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) ...............................................................1, 3

ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) ...............................................................6, 7

ERISA, 29 U.S.C. § 1001 *et. seq.* ...........................................................................2, 6

Minn. Stat. § 543.19 ...........................................................................................7

OTHER AUTHORITIES

District Courts-Civil Federal Judicial Caseload Statistics (March 31, 2019),
    https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2019/03/31 (last
    visited May 7, 2020) .....................................................................................11

iv

**PRELIMINARY STATEMENT**

This lawsuit is the third of its kind. Two previous lawsuits similarly alleged breaches of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA") arising from investments in the Wells Fargo & Company 401(k) Plan (the "Plan"). Each was litigated in the United States District Court for the District of Minnesota, where the Plan is administered and where the Plan's forum selection clause requires that all claims arising under the Plan be adjudicated. The first of the two lawsuits, brought in 2008, was in fact transferred to the District of Minnesota pursuant to the Plan's forum selection clause. *Gipson v. Wells Fargo & Co.*, 563 F. Supp. 2d 149 (D.D.C. 2008). The second of the two lawsuits, brought by one of the two law firms that brought this third lawsuit, was commenced in the District of Minnesota and dismissed there. *Meiners v. Wells Fargo & Company*, 898 F.3d 820 (8th Cir. 2018). This case likewise belongs in the District of Minnesota and, pursuant to 28 U.S.C. § 1404(a), should be transferred there.

As numerous courts have held, the criteria for transferring venue under Section 1404(a) are deemed satisfied where there is a valid and enforceable venue selection clause. The only exception is the extraordinary case where public interest factors overwhelmingly disfavor transfer. Consistent with those authorities, suits brought pursuant to ERISA Sections 502(a)(2) and (3), which are the basis for the claims asserted here, are routinely transferred to conform with a plan's forum selection clause. The Ninth Circuit effectively reached the same conclusion last year in sending ERISA fiduciary breach claims from federal court to arbitration in light of the plan's arbitration clause, which is itself a form of forum selection clause. *Dorman v. Charles Schwab Corp.*, 934 F.3d 1107 (9th Cir. 2019).

There is no question as to the enforceability of the Plan's forum selection clause here. The provision has been in the Plan for more than four decades. As noted, one of the two previously filed lawsuits, *Gipson*, was in fact transferred to the District of Minnesota pursuant to this provision. Moreover, even absent the venue selection clause, the criteria for transfer would be satisfied since the District of Minnesota is where the Plan is administered, where all of the events giving rise to this suit transpired, and where many of the Defendants and relevant documents are located. Although the named Plaintiff resides in California, this is given minimal, if any, weight in a putative class action

DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a); CASE NO.: 4:20-cv-01803-JST

1  that seeks representation of a nationwide class.

2     In short, in light of the Plan's forum selection clause and the numerous other factors favoring

3  transfer of venue, this Court should grant Defendants' Motion to Transfer Venue and transfer this

4  action to the District of Minnesota.

5                              **STATEMENT OF FACTS**

6     **A.    The Wells Fargo & Company 401(k) Plan**

7     Wells Fargo & Company ("Wells Fargo") sponsors the Wells Fargo & Company 401(k) Plan

8  (the "Plan") for eligible Wells Fargo employees.  (Compl. (Dkt. No. 1) ¶ 60; Declaration of Gretchen

9  Lennon ("Lennon Decl.") ¶ 4 & Ex. 1.)[1]  The Plan is a defined contribution pension plan subject to

10 ERISA, 29 U.S.C. § 1001 *et. seq.*, that allows Wells Fargo employees to save for retirement by means

11 of pre-tax contributions to the Plan, which are matched by Wells Fargo up to a prescribed percentage.

12 (Compl. ¶¶ 59, 62, 64; Ex. 1 at § 5.1.)  Employees have the sole discretion to determine how to invest

13 the contributions made on their behalf by choosing among various investment funds offered by the

14 Plan.  (Compl. ¶¶ 59, 63; Ex. 1 at §§ 8.4, 8.5.)

15    **B.    The Complaint**

16    Plaintiff Yvonne M. Becker worked for Wells Fargo on four separate occasions between 1985

17 and 2013, with her last employment period ending December 5, 2013.  (Compl. ¶ 12; Lennon Decl.

18 ¶ 18.)  Ms. Becker became a Plan participant on July 1, 1998.  (Compl. ¶ 14; Lennon Decl. ¶ 18.)

19    Becker commenced this action in the United States District Court for the Northern District of

20 California.  (Dkt. No. 1.)  The Complaint asserts four claims for breach of ERISA's fiduciary duties

21 and violation of ERISA's prohibited transaction rules against Wells Fargo, Wells Fargo Bank,

22

23

24 ─────────────────────
   [1] All "Ex." citations refer to the corresponding exhibits attached to the accompanying Declaration of
   Gretchen Lennon.  On a motion to transfer venue, this Court may consider relevant documents even
25 if they are not referenced in the pleadings.  *See, e.g.*, *Martensen v. Koch*, No. 12-cv-5257, 2013 WL
   4734000, at *8 (N.D. Cal. Sept. 3, 2013) (ruling that on a motion to transfer venue a court may
26 consider "affidavits, depositions, stipulations or other relevant documents"); *Morgan Tire of
   Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, 60 F. Supp. 3d 1109, 1113 (E.D. Cal. 2014) ("When
27 ruling on motions to transfer based on § 1404(a), the court may consider undisputed facts outside of
   the pleadings.").

28
                                            2

National Association ("WFBNA"),[2] Galliard Capital Management, Inc. ("Galliard"),[3] the Employee Benefit Review Committee (the "EBRC"), and the Human Resources Committee of the Board of Directors of Wells Fargo (the "HRC") and its individual members.[4]  (Compl. ¶¶ 180–239.)

In Count I, Becker claims that the EBRC, and its individual members, breached their fiduciary duties of prudence and loyalty under ERISA by including in the Plan certain investment options that allegedly underperformed and were more expensive than other funds preferred by Becker.  (Compl. ¶¶ 180–90.)

In Count IV, Becker claims that the HRC breached its fiduciary duties under ERISA by failing to monitor the EBRC and allowing the EBRC to include certain investment options in the Plan that are affiliated with Wells Fargo.  (Compl. ¶¶ 214–25.)

In Counts II-III and V, Becker claims that Wells Fargo, WFBNA, the EBRC, and Galliard breached ERISA's prohibited transaction rules by including certain investment options in the Plan that are affiliated with Wells Fargo for the purpose of benefiting Wells Fargo and affiliated entities. (Compl. ¶¶ 191–213, 226–39.)

Becker seeks to bring this action on behalf of a class of "[a]ll participants and beneficiaries in the [Plan] from March 13, 2014 through the date of judgment . . ." pursuant to ERISA §§ 502(a)(2) and (3), 29 U.S.C. § 1132(a)(2) and (3), to recover losses to the Plan allegedly resulting from Defendants' fiduciary breaches and prohibited transactions and to recover other equitable and injunctive relief.  (Compl. ¶¶ 1, 170.)

---

[2] Wells Fargo Bank, National Association is improperly named in the Complaint as Wells Fargo Bank, National.

[3] Galliard Capital Management, Inc. is improperly named as Galliard Capital Management in the Complaint.

[4] Defendants HRC and its individual members were voluntarily dismissed from this action by Stipulation and Order.  (Dkt. 40.)

### C.    The Plan's Forum Selection Clause

The Plan contains a forum selection clause, which states in relevant part:

> **All controversies, disputes, and claims arising hereunder shall be submitted to the United States District Court for the District of Minnesota, except as otherwise provided in the Trust Agreement.**

(Ex. 1 at § 1.4.) (Emphasis added.)[5]

The Plan's forum selection clause has been a provision of the Plan for over four decades (Lennon Decl. ¶ 7) and has previously been enforced.  For instance, in a lawsuit that similarly alleged breach of fiduciary duty claims associated with the Plan's investment options, Wells Fargo successfully transferred venue from the United States District Court for the District of Columbia to the United States District Court for the District of Minnesota after a court ruled that the Plan's forum selection clause was "valid and enforceable."  *Gipson*, 563 F. Supp. 2d at 159.

### D.    Administration Of The Plan

The Wells Fargo Director of Human Resources and the Director of Compensation and Benefits serve jointly as the Plan Administrator.  (Lennon Decl. ¶ 9.)  The Plan Administrator's office is located in Minneapolis, Minnesota.  (Ex. 2 at 34.)  Plan participants may request copies of Plan documents and file claims for benefits by contacting the Plan Administrator in Minnesota.  (*Id.*)

The trustee and record-keeper for the Plan is WFBNA, which operates principally out of Minnesota.  (*Id.*)  Other employees who perform trustee and record-keeping services for the Plan work in North Carolina, Colorado, and the Philippines.  (Lennon Decl. ¶ 10.)  WFBNA provides assistance to Plan participants and beneficiaries regarding Plan issues through a Call Center, one of which is located in Roseville, Minnesota; the other Call Center locations are in Charlotte, North Carolina and Manila, Philippines.  (*Id*. ¶ 11.)

The Plan Manager and her team of six individuals are responsible for the day-to-day administration and operations of the Plan, providing information to Plan participants and

---

[5] The Trust Agreement referenced in the Plan's forum selection clause contains an identical forum selection clause.  (Ex. 3 at § 1.5.)

beneficiaries, and interfacing with Wells Fargo's Payroll Department and WFBNA (both of which operate in Minnesota). (*Id*. ¶ 16.) The Plan Manager works in Charlotte, North Carolina. (*Id*.) Two of the individuals on the Plan Manager's team work in Minnesota and the other four work in North Carolina or Tennessee. (*Id*.) The Plan Manager's supervisor works in Minnesota. (*Id*. ¶ 3.) All of the records compiled by the Plan Administrator, WFBNA, EBRC, Plan investment agent, and Plan Manager are stored electronically, in hardcopy at Wells Fargo offices in Minnesota and North Carolina, or in third-party storage facilities. (*Id*. ¶ 17.)

### E.    Investment Of Plan Assets

The EBRC is "the committee designated under the Plan to exercise authority with respect to the assets of the Plan . . . ." (Ex. 1 at § 2.19.) The Secretary of the EBRC works in Minnesota. (Lennon Decl. ¶ 12.) There are currently seven individual members of the EBRC, one of whom works in Minnesota, and six of whom work in states other than California. (*Id*.) The EBRC is assisted by an internal Wells Fargo investment agent, who together with his staff assists in researching, recommending, and reviewing the Plan's investment options; and an external investment advisor, who assists the EBRC in making recommendations to the EBRC and monitoring the Plan's investments. (*Id*. ¶¶ 13–14.) The investment agent, and his staff, work in Minnesota. (*Id*. ¶ 13.) The outside investment advisor is located in Connecticut. (*Id*. ¶ 14.)

Galliard provides investment management services to the Plan from its headquarters in Minnesota. (*Id*. ¶ 15.)

### F.    Defendant Wells Fargo

Defendant Wells Fargo does not have any ERISA fiduciary responsibilities related to the Plan. (Ex. 1.) Wells Fargo is a Delaware Corporation. Wells Fargo was formerly known as Norwest Corporation, and was headquartered in Minnesota until November 1998 when Norwest Corporation acquired Wells Fargo & Company, changed its name to Wells Fargo & Company, and moved its headquarters to California. (Lennon Decl. ¶ 2.)

DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a); CASE NO.: 4:20-cv-01803-JST

**ARGUMENT**

**I.    THIS CASE SHOULD BE TRANSFERRED TO THE DISTRICT OF MINNESOTA IN ACCORDANCE WITH SECTION 1404(a) AND THE PLAN'S FORUM SELECTION CLAUSE.**

Section 1404(a) of the Judicial Code provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). There is no question that the District of Minnesota is a district where this action may have been brought. Thus, the only question for this Court is whether transferring venue would be "for the convenience of [the] parties and witnesses" and "in the interest of justice."

Where, as here, the Plan contains a forum selection clause, the requirements for transferring venue are deemed satisfied in all but the "most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013); *Lightfoot v. MoneyonMobile, Inc.*, No. 18-cv-7123, 2019 WL 2476624, at *4 (N.D. Cal. June 13, 2019). This is not an exceptional case. Even absent the forum selection clause, moreover, transfer of venue would be appropriate under Section 1404(a) because Minnesota is a much more suitable forum in which to litigate this lawsuit. Accordingly, this Court should exercise its broad discretion and transfer this action to the District of Minnesota.

**A.    Venue Is Clearly Proper In The District Of Minnesota.**

There is no question that this action might have been brought in the District of Minnesota, since venue is proper there and the District of Minnesota could exercise subject matter jurisdiction and personal jurisdiction over the Defendants.

First, pursuant to Section 502(e)(2) of ERISA, venue is proper "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2); *Nozolino v. Hartford Life & Accident Ins. Co.*, No. 12-cv-4314-JST, 2013 WL 2468350, at *2 (N.D. Cal. June 7, 2013) (Tigar, J.). Venue is proper in the District of Minnesota because Minnesota is where the Plan is administered and where the relevant investment decisions were made; and, thus also where the alleged breach took place (Lennon Decl. ¶¶ 3, 9–17). *See Gipson*, 563 F. Supp. 2d at 158

(concluding that because the Wells Fargo 401(k) Plan is administered in Minnesota, which also is where "the investment manager, the trustee and relevant staff all work[,]" Minnesota is where the claims "of imprudent management would arise").

Second, the District of Minnesota would have subject matter jurisdiction because this case alleges federal question jurisdiction under ERISA, 29 U.S.C. § 1001 *et seq.* (Compl. ¶ 4.)

Third, the District of Minnesota can exercise personal jurisdiction over the Defendants, because ERISA provides for nationwide service of process and *in personam* jurisdiction over the few individual defendants who do not reside in Minnesota. *See* 29 U.S.C. § 1132(e)(2); *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (explaining that because ERISA provides "nationwide service of process" personal jurisdiction is not limited to service "within the boundaries of the state in which the federal court sits"); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); Minn. Stat. § 543.19 (extending personal jurisdiction to any "foreign corporation or any nonresident individual" that "transacts any business" in Minnesota or "commits any act in Minnesota . . . or commits any act outside of Minnesota causing injury . . ." in Minnesota).

Accordingly, this action clearly could have been brought in the District of Minnesota.

### B.    Transfer Of This Action Will Promote "The Convenience Of The Parties And The Interests Of Justice."

The purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense" that inevitably arises from having to litigate in an inconvenient forum. *Devaux-Spitzley v. Prudential Ins. Co. of Am.*, No. 18-cv-4436-JST, 2019 WL 935137, at *2 (N.D. Cal. Feb. 26, 2019) (Tigar, J.) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).  Typically, the evaluation of whether a case should be transferred to another forum focuses on the following factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in

7

> the two forums, (7) the availability of compulsory process to
> compel attendance of unwilling non-party witnesses, and (8)
> the ease of access to sources of proof.

*Devaux-Spitzley*, 2019 WL 935137, at \*2 (citing *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498–99 (9th Cir. 2000)).

"[B]ecause the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S at 63 (internal quotations omitted) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). Accordingly, the presence of a forum selection clause will fundamentally alter the traditional Section 1404(a) analysis in three material ways. First, "the plaintiff's choice of forum merits no weight," and the plaintiff bears the burden of establishing that transfer to the forum selected by the forum selection clause is unwarranted. *Atl. Marine*, 571 U.S at 63. Second, the private interest factors are deemed to "weigh entirely in favor of the preselected forum." *Id*. at 64. Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.*

Where, as here, a valid, enforceable forum selection clause exists, courts in this Circuit replace the traditional Section 1404(a) analysis with a consideration of the following five public interest factors:

> (1) administrative difficulties flowing from court congestion;
> (2) imposition of jury duty on the people of a community that
> has no relation to the litigation; (3) local interest in having
> localized controversies decided at home; (4) the interest in
> having a diversity case tried in a forum familiar with the law
> that governs the action; (5) the avoidance of unnecessary
> problems in conflicts of law.

*Creative Tech., Ltd. v. Aztech Sys. PTE, Ltd.*, 61 F.3d 696, 703–04 (9th Cir. 1995). Only where a plaintiff can establish that these "public-interest factors overwhelmingly disfavor a transfer" should a court decline to enforce a forum selection clause. *Atl. Marine*, 571 U.S at 67.

8

### 1.    The Plan Has A Valid Forum Selection Clause That Requires Transfer Of This Action To The District of Minnesota.

Plaintiff Becker was *required* to bring this action in the District of Minnesota pursuant to the Plan's forum selection clause, which provides that "[a]ll controversies, disputes, and claims arising hereunder shall be submitted to the United States District Court for the District of Minnesota . . . ." (Ex. 1 at § 1.4.)  There is no question that (1) ERISA plan forum selection clauses are valid and enforceable; (2) the Plan's forum selection clause is mandatory; and (3) Plaintiff's claims fall within the scope of the Plan's forum selection clause.

The United States Supreme Court has held that forum selection clauses are "presumptively valid" and the party challenging a forum selection clause bears a "heavy burden of showing that enforcement of the forum selection clause . . . would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching."  *Stern v. Advanta Bank Corp.*, No. 09-cv-3276, 2010 WL 1028375, at *4 (N.D. Cal. Mar. 18, 2010) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)).

The Sixth and Seventh Circuits, as well as district courts within the Ninth Circuit, "have uniformly found that forum-selection clauses in ERISA plans" are valid and enforceable.  *Rapp v. Henkel of Am.*, No. 18-cv-1128, 2018 WL 6307904, at *4 (C.D. Cal. Oct. 3, 2018) ("district courts in other circuits, district courts in [the Ninth Circuit]—along with the two circuit courts that have considered the issue—have uniformly found that forum-selection clauses in ERISA plans do not contravene ERISA's venue provision and are enforceable").  In so holding, these courts have concluded that forum selection clauses in ERISA plans:  (1) do not violate ERISA's venue provision; (2) do not violate ERISA's policy goal of increasing participant access to courts by unlawfully limiting venue to one forum; and/or (3) further ERISA's goals by establishing a uniform administrative scheme that ultimately lowers plan administration costs.  *See In re Matthias*, 867 F.3d 727, 732–734 (7th Cir. 2017); *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 931–933 (6th Cir. 2014); *Rapp*, 2018 WL 6307904, at *4; *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, No. 14-cv-2139, 2015 WL 12733443, at *11–13 (C.D. Cal. Apr. 10, 2015); *Marin v. Xerox Corp.*, 935 F. Supp. 2d 943, 946–47 (N.D. Cal. 2013); *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d

9

855, 860–61 (N.D. Cal. 2010); *Angel Jet Servs., L.L.C. v. Red Dot Bldg. Sys.' Emp. Benefit Plan*, No. 09-cv-2123, 2010 WL 481420, at *1–2 (D. Ariz. Feb. 8, 2010); *Testa v. Becker*, No. 10-cv-638, 2010 WL 1644883, at *4–5 (C.D. Cal. Apr. 22, 2010); *Laasko v. Xerox Corp.*, 566 F. Supp. 2d 1018, 1023 (C.D. Cal. 2008); *Bernikow v. Xerox Corp. Long–Term Disability Income Plan*, No. 06-cv-2612, 2006 WL 2536590, at *1–2 (C.D. Cal. Aug. 29, 2006).

The "vast majority" of district courts outside of the Ninth Circuit have likewise enforced forum selection clauses in ERISA plan documents. *See, e.g.*, *Feather v. SSM Health Care*, 216 F. Supp. 3d 934, 940 (S.D. Ill. 2016) (enforcing forum selection clause in case brought by Plaintiff Becker's counsel, holding that forum selection clauses are consistent with ERISA policies, and collecting eleven cases outside the Ninth Circuit enforcing forum selection clauses in ERISA plans). Indeed, while dozens of district courts have enforced ERISA plan forum selection clauses across the nation, only three "outliers" in other circuits have declined to do so. *See Rapp*, 2018 WL 6307904, at *4 (citing *Almont Ambulatory Surgery Ctr., LLC*, 2015 WL 12733443, at *12–13).

While the Ninth Circuit has not had occasion to rule on the enforceability of an ERISA plan forum selection clause, a recent decision from the Ninth Circuit strongly suggests that it would enforce such a clause. In *Dorman*, the Ninth Circuit upheld the validity of a mandatory arbitration clause in an ERISA pension plan, 934 F.3d at 1109, which is "a specialized forum selection clause," *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.4 (9th Cir. 1988).

There is no question that the Plan's forum selection clause is mandatory. The Plan's forum selection clause clearly requires exclusive jurisdiction by requiring that "[a]ll controversies, disputes, and claims arising hereunder shall be submitted to the United States District Court for the District of Minnesota . . . ." (Ex. 1 at § 1.4.) This District has previously concluded that a nearly identical forum selection clause in a benefit plan constituted "exclusive and thus mandatory language." *Fey v. Bd. of Pensions of the Evangelical Lutheran Church in Am.*, No. 19-cv-5914, 2020 U.S. Dist. LEXIS 26269, at *3–4 (N.D. Cal. Feb. 14, 2020) (granting motion to transfer venue to Minnesota where the benefit plan contained a forum selection clause requiring that "[a]ll controversies, disputes, and claims arising hereunder shall be submitted to the Minnesota Fourth Judicial District Court"); *see also Hunt Wesson*

DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a); CASE NO.: 4:20-cv-01803-JST

*Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77–78 (9th Cir. 1987) (explaining that a forum selection clause that provides that only one court "shall" hear a case is clearly mandatory as the "designated courts are the only ones which have jurisdiction").

Furthermore, Plaintiff's claims in this action clearly fall within the scope of the Plan's forum selection clause. The Plan's forum selection clause broadly encompasses "[a]ll controversies, disputes, and claims arising hereunder" (Ex. 1 at § 1.4), and thus clearly extends to all of Plaintiff's claims in this action. *See, e.g.*, *Dorman v. Charles Schwab Corp.*, 780 F. App'x 510, 513 (9th Cir. 2019) (holding that the phrases "arise out of" and "relate to" in an ERISA 401(k) plan clearly encompassed claims like those asserted there "because the claims are asserted under ERISA and allege that Plan fiduciaries breached their duties to the plan"); *Smith*, 769 F.3d at 933 (rejecting plaintiff's argument that a broad forum selection clause did not encompass ERISA breach of fiduciary claims because the "venue selection provision applies to *all* actions brought by a participant or beneficiary"). Indeed, another district court already concluded that the Plan's forum selection clause encompassed ERISA breach of fiduciary duty claims similar to those brought by the Plaintiff in this case because the provision was "broadly written and sufficiently encompasses the dispute before this Court." *Gipson*, 563 F. Supp. 2d at 159 (granting motion to transfer venue to the District of Minnesota based on the Plan's forum selection clause in a case alleging that Wells Fargo and other defendants breached their fiduciary duties by including Wells Fargo affiliated investment options in the Plan).

## 2. The Applicable "Public Interest Factors" Favor Enforcement Of The Forum Selection Clause.

An evaluation of the public interest factors confirms that this action should be transferred to the District of Minnesota, and it is not the "exceptional case" where a forum selection clause should not be enforced.

First, Becker cannot show that court congestion in the District of Minnesota would result in a material, if any, delay in the adjudication of this matter. Official statistics for the United States District Courts (using the most recent totals, for the 12-month period ending March 31, 2019) show that the District of Minnesota and this District dispose of litigations in approximately similar times. The

District of Minnesota has a median time from filing to disposition of 10.1 months and the average time from filing to disposition in this District is 7.9 months.  The average time from filing to trial in this District is 25.9 months, compared to 30.1 months in the District of Minnesota.[6]  When the statistics are "similar," as they are here, this public interest factor is deemed "neutral."  *Peters v. Wells Fargo Bank, N.A.*, No. 17-cv-4367-JST, 2018 WL 398238, at *6 (N.D. Cal. Jan. 12, 2018) (Tigar, J.).

Second, because the Plan is administered in Minnesota, and most of the Defendants conduct their Plan business out of Minnesota, *supra* pp. 4–5, Minnesota is unquestionably the "home" of this controversy.  *See Gipson*, 563 F. Supp. 2d at 159 (weighing public interest factors in favor of transfer in part because Minnesota had a "strong local interest" in deciding the controversy); *see also Rapp*, 2018 WL 6307904, at *5 (C.D. Cal. Oct. 3, 2018) ("Plaintiffs' argument also ignores that the Plan is administered in Connecticut, giving the Connecticut courts a strong interest in resolving the action.").

The other three factors—avoidance of conflicts of law issues, imposition of jury duty, and interest in having a diversity case tried in a forum familiar with the governing law—are inapplicable. There are no conflicts of law issues and this is not a diversity case as this case arises under ERISA, a federal statute.  Furthermore, there are no jury trials permitted for ERISA claims.  *See, e.g.*, *Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Emps. of Transferred GE Operations*, 244 F.3d 1109, 1114 (9th Cir. 2001) ("[T]here is no right to a jury trial in ERISA cases."); *In re Vorpahl*, 695 F.2d 318, 319 (8th Cir. 1982) (concluding that pension plan participants are "not statutorily or constitutionally entitled to a jury trial" under Section 502 of ERISA).

In short, Plaintiff cannot establish that this is the extraordinary case where public interest factors should override and defeat the Plan's forum selection clause.

---

[6] *See* Table C-5-U.S. District Courts-Civil Federal Judicial Caseload Statistics (March 31, 2019), https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2019/03/31 (last visited May 7, 2020).

DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a); CASE NO.: 4:20-cv-01803-JST

### 3.    The Traditional Section 1404(a) Factors Strongly Favor Transfer Of This <u>Action To The District Of Minnesota.</u>

Even if the Plan did not contain a valid and enforceable forum selection clause—and it clearly does—transfer to the District of Minnesota would still be required under Section 1404(a)'s traditional analysis.  Here, the analysis is straightforward given that most, if not all, of the relevant factors clearly establish that the District of Minnesota is the more convenient forum.

The first factor—the location where the relevant agreements were negotiated and executed—weighs in favor of transferring the case to the District of Minnesota.  The Plan was established in Minnesota and all Plan administration took place, and continues to take place, in Minnesota.  (Lennon Decl. ¶¶ 9-17.)  Furthermore, many of the relevant documents are located in Minnesota, including documents related to the investment decisions that form the basis of Becker's claims.  (*Id.* ¶ 17.)

The second factor—the state most familiar with the governing law—is inapplicable since this case is governed by federal law.  *See Devaux-Spitzley*, 2019 WL 935137, at *5; *Nozolino*, 2013 WL 2468350, at *3.

The third factor—Plaintiff's choice of forum—is "entitled to minimal or no deference" where, as here, she sues as a class representative, the operative facts occurred outside the chosen forum and key parties and evidence are located outside of the chosen forum.  *See, e.g.*, *Devaux-Spitzley*, 2019 WL 935137, at *3 (affording minimal deference to plaintiff's choice of forum where documents, files and key decision makers were located outside of the District forum); *Peters*, 2018 WL 398238, at *2 ("When an individual brings a derivative suit or represents a class . . . the named plaintiff's choice of forum is given less weight.") (internal citation omitted); *Nozolino*, 2013 WL 2468350, at *2 (affording minimal deference to plaintiff's choice of forum given the lack of any "significant connection" between the chosen forum and her claims); *Hulac v. Fed. Express Corp.*, No. 08-cv-1557, 2008 WL 11337722, at *2 (N.D. Cal. July 2, 2008) ("Plaintiffs' choice of forum is entitled to minimal deference because neither forum would be preferable to the other for the nationwide class as a whole."); *Williams v. Sears Roebuck & Co.*, No. 97-cv-3794, 1998 WL 61307, at *1 (N.D. Cal. Jan. 29, 1998) ("There is little deference given to choice of forums by plaintiff[s] representing a nationwide class.").  Here,

1   Becker brought this action as a putative class action on behalf of more than 334,287 participants

2   (Compl. ¶ 172) who live and work throughout the country, and, as explained above, the operative

3   facts occurred in Minnesota, the majority of witnesses are located in Minnesota or outside this District,

4   and all of the relevant documents are stored in Minnesota or outside of this District.

5       The fourth and fifth factors—"the respective parties' contacts with the forum," and "the

6   contacts relating to the plaintiff's cause of action in the chosen forum"—both strongly favor transfer.

7   As explained above, *supra* pp. 4–5, and as the *Gipson* court explained in transferring a similar action

8   from the District of Columbia to the District of Minnesota, the Plan's "investment manager, the trustee

9   and relevant staff all work in Minnesota" and the "great majority of the activity involved in

10  [plaintiff's] allegations—including researching, selecting, monitoring, and accounting for the Plan's

11  investment options and associated fees—took place in Minnesota"; "hence, that is where the claim

12  arises." *Gipson*, 563 F. Supp. 2d at 158; *see Rapp*, 2018 WL 6307904, at *5; *see also Devaux-Spitzley*,

13  2019 WL 935137, at *3 (concluding that transfer was appropriate because defendant's principal place

14  of business was outside the chosen forum, none of the potential witnesses involved were located in

15  the chosen forum, and discovery would involve evidence that was all outside of the chosen forum);

16  *Schott v. Ivy Asset Mgmt. Corp.*, No. 10-cv-1562, 2010 WL 4117467, at *9 (N.D. Cal. Oct. 19, 2010)

17  (holding that transfer was appropriate where most relevant documents were located in transferee

18  district); *David v. Alphin*, No. 06-cv-4763, 2007 WL 39400, at *3 (N.D. Cal. Jan. 4, 2007) (holding

19  that transfer was appropriate to forum where large number of witnesses and parties were located in

20  the transferee district).

21      The sixth factor—the differences in the costs of litigation in the two forums—favors

22  transferring the action to the District of Minnesota because, if anything, it would cost more to litigate

23  this matter in California than in Minnesota. The Plan is administered in Minnesota and that is where

24  many of the records are maintained and many of the potential witnesses work. *See Italian Colors*

25  *Rest. v. Am. Express Co.*, No. 03-cv-3719, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003)

26  (weighing this factor "heavily in favor" of transfer where a majority of documentary and testamentary

27  evidence resided in the transferee district and where plaintiff would contribute "comparatively little

28

DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a); CASE NO.: 4:20-cv-01803-JST

documentary evidence" to the action); *David*, 2007 WL 39400, at *3 (transferring case and holding that defendants would suffer increased expense, lost time and disrupted work if the case were not transferred because several defendants resided in the transferee district); *Foster v. Nationwide Mut. Ins. Co.*, No. 07-cv-4928, 2007 WL 4410408, at *6 (N.D. Cal. Dec. 24, 2007) (transferring case in part because "the cost of litigation will be substantially lessened if the action is venued in the same district where most of the documentary evidence is found").

The seventh factor—availability of compulsory process to compel attendance of unwilling non-party witnesses—is at best neutral. At the present time, Defendants are unaware of any witnesses who would be relevant to the adjudication of this action and who would be unavailable to appear in Minnesota.

The eighth factor—"the ease of access to sources of proof"—strongly favors transfer to the District of Minnesota, for the same reasons discussed in connection with the fourth and fifth factors.

In short, the convenience of the parties and witnesses, and the interest of justice, clearly support transferring this matter to the District of Minnesota.

## CONCLUSION

For the forgoing reasons, this Court should enforce the Plan's forum selection clause and transfer this matter to the United States District Court for the District of Minnesota. Alternatively, the Court should transfer this matter to the United States District Court for the District of Minnesota based on 28 U.S.C. § 1404(a)'s traditional factors.

Dated: May 8, 2020                    Respectfully submitted,


                                      By: */s/ Russell Hirschhorn*
                                      Russell Hirschhorn (*pro hac vice*)
                                      **PROSKAUER ROSE LLP**
                                      Myron D. Rumeld (*pro hac vice to be filed*)
                                      Joseph Clark (SBN 281021)
                                      Eleven Times Square
                                      New York, NY 10036
                                      Telephone: (212) 969-3000
                                      Facsimile: (212) 969-2900
                                      Email: rhirschhorn@proskauer.com

15

Email: mrumeld@proskauer.com
Email: jclark@proskauer.com

**PROSKAUER ROSE LLP**
Tulio D. Chirinos (*pro hac vice*)
Proskauer Rose LLP
2255 Glades Rd., Suite 421 Atrium
Boca Raton, FL 33431-7360
Telephone: (561) 241-7400
Facsimile: (561) 241-7145
Email: tchirinos@proskauer.com

**PROSKAUER ROSE LLP**
Scott P. Cooper (SBN 96905)
Jennifer L. Jones (SBN 284624)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
Email: scooper@proskauer.com
Email: jljones@proskauer.com

16