**PROSKAUER ROSE LLP**
Russell L. Hirschhorn (*pro hac vice*)
Myron D. Rumeld (*pro hac vice*)
Joseph E. Clark (SBN 281021)
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: rhirschhorn@proskauer.com
Email: mrumeld@proskauer.com
Email: jclark@proskauer.com

**PROSKAUER ROSE LLP**
Tulio D. Chirinos (*pro hac vice*)
2255 Glades Rd., Suite 421 Atrium
Boca Raton, FL 33431-7360
Telephone: (561) 241-7400
Facsimile: (561) 241-7145
Email: tchirinos@proskauer.com

**PROSKAUER ROSE LLP**
Scott P. Cooper (SBN 96905)
Jennifer L. Jones (SBN 284624)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
Email: scooper@proskauer.com
Email: jljones@proskauer.com

*Attorneys for Defendants*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Michelle C. Yau
Daniel R. Sutter
Jamie L. Bowers
1100 New York Ave, NW, Fifth Floor
Washington DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

**FEINBERG, JACKSON, WORTHMAN & WASOW, LLP**
Todd Jackson (SBN 202598)
Nina Wasow (SBN 242047)
2030 Addison St., Suite 500
Berkeley, CA 94704
Telephone: (510) 269-7998
Facsimile: (510) 269-7994

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Yvonne Becker,<br><br>       Plaintiff,<br><br>       v.<br><br>Wells Fargo & Co.; Employee Benefit Review Committee; Human Resources Committee of the Board of Directors of Wells Fargo & Co.; Ronald L. Sargent; Wayne M. Hewett; Donald M. James; Maria R. Morris; Wells Fargo Bank, National; and Galliard Capital Management,<br><br>       Defendants. | Case No. 4:20-CV-01803-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement, Plaintiff Yvonne Becker ("Plaintiff"), and Defendants Wells Fargo & Company; Employee Benefit Review Committee; Ronald L. Sargent; Wayne M. Hewett; Donald M. James; Maria R. Morris; Wells Fargo Bank, National Association ("WFBNA");[1] and Galliard Capital Management, Inc. ("Galliard"),[2] (collectively "Defendants") (together with Plaintiff "the Parties"), jointly submit this Case Management Statement.

1. <u>Jurisdiction & Service</u>

The Parties agree that the Court has subject matter jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 1132(e)(1).  No issues exist regarding personal jurisdiction.

<u>Defendants' Position</u>:  While Defendants do not dispute that this Court has jurisdiction over this action, Defendants contend that this Court is not the proper venue to hear this case.  As explained in Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. Nos. 41 & 48), this action should be transferred to the U.S. District Court for the District of Minnesota because the Wells Fargo & Company 401(k) Plan (the "Plan") has a valid and enforceable forum selection clause and, independently, the traditional Section 1404(a) factors clearly establish that the District of Minnesota is a more convenient forum for this action.

<u>Plaintiff's Position</u>: Plaintiff brought this ERISA action in the district where she lives, worked for Wells Fargo & Co. for 26 years, and where Wells Fargo & Co. is currently headquartered. Accordingly, the Section 1404 factors do not establish that the District of Minnesota is the more convenient forum. And the forum selection clause upon which Defendants rely is invalid for the reasons set forth in her Opposition to Defendants' Motion to Transfer Venue.

---

[1] Wells Fargo Bank, National Association is improperly named in the Complaint as Wells Fargo Bank, National.

[2] Galliard Capital Management, Inc. is improperly named as Galliard Capital Management in the Complaint.

2. Facts

Plaintiff's Position:  Plaintiff brings this ERISA class action on behalf of all participants and beneficiaries in the Wells Fargo & Co. 401(k) Plan (the "Plan") from March 13, 2014 to the date of judgment.  Plaintiff alleges that Defendants selected and retained Wells Fargo products as investment options in the Plan over materially identical, yet cheaper, non-proprietary alternatives; selected Wells Fargo products that had no performance history that could form the basis of a prudent fiduciary decision-making process; and failed to remove proprietary funds despite sustained underperformance. These actions served Wells Fargo's corporate interests, as the selection of proprietary investments for the Plan provided fees to Wells Fargo, supported its asset management business, and/or provided seed money for Wells Fargo to launch new fund products.

Plaintiff brings four claims for violation of ERISA. Count I is a claim against the Wells Fargo Committee Defendants for breach of their fiduciary duties to participants to prudently and loyally select and monitor investments for the Plan. Counts II and III are against the Wells Fargo Committee Defendants, Wells Fargo Bank, and Galliard Capital Management for engaging in prohibited transactions in violation of ERISA by choosing investments in which Wells Fargo had a financial interest. And Count V is against Wells Fargo & Co. for engaging in prohibited transactions in violation of ERISA.[3]

Plaintiff is aware of the following disputed factual questions:

- Defendants' process for selecting and monitoring Plan investments during the relevant time period;
- Defendants' process for monitoring Plan fiduciaries, such as the Committee Defendants, during the relevant time period;
- Whether the Plan and its participants suffered losses and/or Defendants profited as a result of Defendants' alleged fiduciary breaches and prohibited transactions, and if so, in

---

[3] Count IV is brought against the Board Defendants for failure to monitor and remove Plan fiduciaries who breached their ERISA duties. It is currently voluntarily dismissed without prejudice pursuant to the parties' stipulation dismissing the Human Resources Committee Board of Directors. ECF Nos. 39, 40.

what amount.

<u>Defendants' Position</u>:  Wells Fargo sponsors the Wells Fargo & Company 401(k) Plan (the "Plan") for eligible Wells Fargo employees.  The Plan is a defined contribution pension plan subject to ERISA, 29 U.S.C. § 1001 et. seq., that allows Wells Fargo employees to save for retirement by means of pre-tax contributions to the Plan, which are matched by Wells Fargo up to a prescribed percentage.  Employees have the sole discretion to determine how to invest the contributions made on their behalf by choosing among various investment funds offered by the Plan.

Plaintiff Yvonne M. Becker worked for Wells Fargo on four separate occasions between 1985 and 2013, with her last employment period ending December 5, 2013.

Becker commenced this action in the U.S. District Court for the Northern District of California. (Dkt. No. 1.)  The Class Action Complaint asserts four claims for breach of ERISA's fiduciary duties and violation of ERISA's prohibited transaction rules against Wells Fargo, WFBNA, Galliard, and the EBRC.  In Count I, Becker claims that the EBRC, and its individual members, breached their fiduciary duties of prudence and loyalty under ERISA by including in the Plan certain investment options that allegedly underperformed and were more expensive than other funds preferred by Becker. (Compl. ¶¶ 180–90.)  In Count IV, Becker claims that the HRC breached its fiduciary duties under ERISA by failing to monitor the EBRC and allowing the EBRC to include certain investment options in the Plan that are affiliated with Wells Fargo. (Compl. ¶¶ 214–25.)  In Counts II-III and V, Becker claims that Wells Fargo, WFBNA, the EBRC, and Galliard breached ERISA's prohibited transaction rules by including certain investment options in the Plan that are affiliated with Wells Fargo for the purpose of benefiting Wells Fargo and affiliated entities. (Compl. ¶¶ 191–213, 226–39.)

Becker seeks to bring this action on behalf of a class of "[a]ll participants and beneficiaries in the [Plan] from March 13, 2014 through the date of judgment . . ." pursuant to ERISA §§ 502(a)(2) and (3), 29 U.S.C. § 1132(a)(2) and (3), to recover losses to the Plan allegedly resulting from Defendants' fiduciary breaches and prohibited transactions and to recover other equitable and injunctive relief. (Compl. ¶¶ 1, 170.)

3. <u>Legal Issues</u>

    <u>Plaintiff's Position</u>: The principal legal issues in dispute are:

- Whether Defendants' failure to prudently and loyally monitor and select investments for the Plan during the Class Period by selecting overly expensive and underperforming Wells Fargo-affiliated funds for the Plan relative to alternative investment options constituted breaches of fiduciary duty, *see* 29 U.S.C. § 1104, ERISA § 404; and
- Whether Defendants caused the Plan to engage in prohibited transactions under 29 U.S.C. §§ 1106(a)(1)(A), (a)(1)(D), (b)(1), and (b)(3) through the inclusion of Wells Fargo-affiliated funds in the Plan lineup,

    <u>Defendants' Position</u>:  The disputed legal issues in this case include:

- Whether this action should be transferred to the U.S. District Court for the District of Minnesota pursuant to the Plan's forum selection clause and 28 U.S.C. § 1404(a)?
- Whether Defendants breached their duties of loyalty and prudence to Plan participants under ERISA by offering certain investment options in the Plan?
- Whether Defendants violated ERISA's prohibited transaction rules by offering certain investment options in the Plan?

4. <u>Motions</u>

    The Parties anticipate filing dispositive motions before trial.

    <u>Plaintiff's Position</u>:   Plaintiff anticipates filing a Motion for Class Certification.

    <u>Defendants' Position</u>:  On May 8, 2020, Defendants filed their Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 41).  Plaintiff filed her opposition brief on June 12, 2020 (Dkt. No. 47).  Defendants filed their reply brief on July 3, 2020 (Dkt. No. 48).

    Defendants anticipate filing a Motion to Dismiss the Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) following resolution of Defendants' Motion to Transfer Venue.  (*See* Dkt. No. 29.)

5. <u>Amendment of Pleadings</u>

    <u>Plaintiff's Position</u>: Plaintiff proposes that any request for leave to file an amended complaint should be filed no later than 45 days prior to the close of fact discovery.

<u>Defendants' Position</u>:   If Plaintiff is permitted to amend the Class Action Complaint, the deadline to amend should be no later than 30 days following the Court's decision on Defendants' Motion to Dismiss.

6. <u>Evidence Preservation</u>

The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and will meet and confer pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to be taken to preserve evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>

The Parties have agreed to exchange initial disclosures on or before August 31, 2020.

8. <u>Discovery</u>

<u>Plaintiff's Position</u>: Discovery has not yet commenced.  The Parties have not yet entered into a stipulated e-discovery order, but intend to do so.  Plaintiff proposes the discovery schedule outlined below at Paragraph 17 (Scheduling).  Plaintiff also reports as follows pursuant to Rule 26(f):

- **Rule 26(f)(3)(B)**: Plaintiff will seek discovery regarding several subjects, including but not limited to: Defendants' process for selecting and monitoring the Plan investment options; the process for selecting and monitoring the Plan's fiduciaries; the fee structure for the Plan's proprietary investments; and the terms of the transactions between the Plan and Wells Fargo-affiliated funds.

- **Rule 26(f)(3)(C)**: The Parties have been advised to preserve any potentially relevant ESI.

- **Rule 26(f)(3)(D)**: Plaintiff does not believe any issues exist regarding privilege claims or protection of trial-preparation materials.

- **Rule 26(f)(3)(E)**: Plaintiff proposes that each side be limited to 20 depositions, with the ability to seek additional depositions if necessary once all Defendants are known. Plaintiff proposes that each side be limited to 25 written interrogatories, as provided in Rule 33(a)(1), with the ability to seek additional interrogatories if necessary once all Defendants are known.

- **Rule 26(f)(3)(F)**: Plaintiff does not propose the issuance of any other order under Rule 26(c), but request the issuance of a scheduling order for the case under Rule 16(b).

<u>Defendants' Position</u>:  Defendants contend that any discovery plan proposed by Plaintiff is premature until the Court has ruled on the Motion to Transfer Venue Pursuant to 28 U.S.C. §

1404(a), particularly since Plaintiff has stated that she intends to file a petition for a writ of mandamus to the Ninth Circuit if the Court grants Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).  (*See* Dkt. No. 47 at 20–23.)  Any discovery plan is premature until it is determined what court this action will be litigated in and, moreover, until Defendants' anticipated Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) is decided.

Notwithstanding the foregoing and without waiving any of their rights, Defendants have agreed to negotiate an ESI protocol and protective order with Plaintiff and anticipate being able to come to agreement on both documents.  Furthermore, Defendants contend that all limitations on the scope and quantity of discovery pursuant to the Federal Rules of Civil Procedure and Local Civil Rules should apply.

9. Class Actions

Plaintiff's Position: Plaintiff has filed this case as a putative class action and intends to move for class certification on or before July 2, 2021.  All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements.

Defendants' Position:  Defendants propose that the case schedule, including the deadline for Plaintiff's certification motion, should be determined after Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and Motion to Dismiss are decided by the Court.  Plaintiff's Class Action Complaint states that she brought this action on behalf of a class pursuant to "Fed. R. Civ. P. 23(a) and (b)(1) and/or (b)(3)."  Defendants, however, maintain that this action is inappropriate for class certification.

10.  Related Cases

Plaintiff's Position: Plaintiff is unaware of any related cases.

Defendants' Position: Defendants are unaware of any open related proceedings or cases pending before other judges of this Court or before any other court or administrative body.

11.  Relief

Plaintiff's Position: Plaintiff seeks multiple forms of relief on behalf of the Plan, and on behalf of herself and all similarly situated Plan participants and beneficiaries in the class.  Specifically, Plaintiff seeks:

- A declaration that Defendants breached their fiduciary duties in the manner described in the Complaint;
- An order that each breaching fiduciary be jointly and severally liable to pay an amount or surcharge to the Plan as necessary to make the Plan whole for losses resulting from the breaches, plus pre- and post-judgment interest;
- An order that Defendants provide an accounting, as necessary to determine the amounts Defendants must remit to the Plan to restore losses, and to disgorge any profits breaching fiduciaries obtained from the use of plan assets or from other ERISA violations;
- A constructive trust to hold all ill-gotten gains, fees and/or profits paid to the Defendants in violation of ERISA, for the sole benefit of the Plan and its participants and beneficiaries;
- An injunction which removes the breaching fiduciaries and requires all fiduciaries to avoid all prohibited transactions and future ERISA violations, including but not limited to removing all Wells Fargo affiliated funds from the Plan;
- The appointment of an independent fiduciary to manage the assets of the Plan;
- Class certification; appointment of Plaintiff as a class representative, and appointment of Plaintiff's counsel as class counsel;
- An award to Plaintiff and the Class their attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) and/or the common fund doctrine; and
- Such other equitable or remediate relief as the Court deems appropriate.

Defendants' Position:  Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

12. Settlement and ADR

The Parties have not yet engaged in ADR, but have met and conferred and filed ADR certifications in compliance with ADR L.R. 3-5 and intend to stipulate to an ADR process.

13. Consent to Magistrate Judge For All Purposes

Not all parties have consented to have a magistrate judge conduct all further proceedings.

14. Other References

This matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

Plaintiff's Position: Plaintiff does not request bifurcation of issues, claim, or defenses. The legal issues identified above in Section 3 may be resolved by motion.

Defendants' Position: As discussed, Defendants anticipate filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). If not successful in dismissing the Class Action Complaint in its entirety, Defendants anticipate that their motion will substantially narrow the issues to be tried in this action.

16. Expedited Trial Procedure

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. Scheduling

Plaintiff's Position: Plaintiff proposes the following litigation schedule:

| Event | Deadline |
| --- | --- |
| Exchange of Initial Disclosures | July 31, 2020 |
| Parties exchange expert report(s) pertaining to class certification | April 2, 2021 |
| Parties exchange rebuttal expert report(s) pertaining to class certification | May 7, 2021 |
| Close of expert discovery pertaining to class certification | June 18, 2021 |
| Plaintiff's deadline to file motion for class certification | July 2, 2021 |
| Deadline to amend pleadings | August 23, 2021 |
| ADR deadline | September 24, 2021 |
| Close of fact discovery | September 30, 2021 |
| Parties exchange expert report(s) pertaining to merits | October 29, 2021 |
| Parties exchange rebuttal expert report(s) pertaining to merits | December 3, 2021 |

| | |
|---|---|
| Close of expert discovery pertaining to merits | December 30, 2021 |
| Deadline to file dispositive motions | January 31, 2022 |
| Pretrial conference | To be determined |
| Trial | To be determined |

Defendants' Position: Defendants believe that it is premature to set a case management schedule until there is a resolution on (1) Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a); and (2) Defendants' anticipated Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). Nevertheless, if the Court is inclined to enter a scheduling order, Defendants propose the following dates as outlined in this Court's model case management statement:

| Scheduling | Defendants' Proposed Deadline |
|---|---|
| Completion of Initial ADR Session | No later than 90 days following resolution of Defendants' Motion to Dismiss |
| Fact Discovery Cut-off | September 30, 2021 |
| Designation of Experts | October 29, 2021 |
| Designation of Rebuttal Experts | December 3, 2021 |
| Dispositive Motions Briefing Complete | Rule 12 Motions: To be determined after resolution of Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). (*See* Dkt. No. 29)<br><br>Summary Judgment Motions: February 28, 2022 |
| Pretrial Conference | To be determined. |
| Trial | To be determined. |

18. Trial

This case will be tried to the Court. The Parties estimate the length of trial to be five (5) to seven (7) to court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

    <u>Defendants' Position</u>:  As stated in Defendants' Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15 (Dkt. No. 16), Defendants certify that Wells Fargo Bank, National Association is an indirectly owned bank affiliate of Wells Fargo & Company. Galliard Capital Management, Inc. is a wholly-owned, independently operated investment management subsidiary of Wells Fargo Asset Management Holdings, LLC. Wells Fargo Asset Management Holdings, LLC and Galliard Capital Management, Inc. are wholly-owned indirect subsidiaries of Wells Fargo & Company. Defendants further certify that there are no publicly held corporations that own 10% or more of the common stock of Wells Fargo & Company and that it is aware of no persons, associations of persons, firms, or partnerships or corporations not a party to this case that have (i) a financial interest in the subject matter in controversy or in a party a party to the proceedings; or (ii) any other kind of interest that could be substantially affected by the outcome of this proceeding. Defendants certify that, other than the named parties, there is no such interest to report at this time.

    <u>Plaintiff's Position</u>: Prior to the Case Management Conference, Plaintiff will file a Certification of Interested Parties stating that there are no individuals other than the named party to report.

20. <u>Professional Conduct</u>

    All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

    The Parties are unaware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Agreed to and submitted by:

| | |
|---|---|
| Dated: July 7, 2020 | /s/      *Russell L. Hirschhorn* |
| | **PROSKAUER ROSE LLP** |
| | Russell L. Hirschhorn (*pro hac vice*) |
| | Myron D. Rumeld (*pro hac vice*) |
| | Joseph E. Clark (SBN 281021) |
| | Eleven Times Square |
| | New York, NY 10036-8299 |
| | Telephone: (212) 969-3000 |
| | Facsimile: (212) 969-2900 |
| | Email: rhirschhorn@proskauer.com |
| | Email: mrumeld@proskauer.com |
| | Email: jclark@proskauer.com |

**PROSKAUER ROSE LLP**
Tulio D. Chirinos (*pro hac vice*)
2255 Glades Rd., Suite 421 Atrium
Boca Raton, FL 33431-7360
Telephone: (561) 241-7400
Facsimile: (561) 241-7145
Email: tchirinos@proskauer.com

**PROSKAUER ROSE LLP**
Scott P. Cooper (SBN 96905)
Jennifer L. Jones (SBN 284624)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
Email: scooper@proskauer.com
Email: jljones@proskauer.com

*Attorneys for Defendants*


/s/ __Nina Wasow_____

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Michelle C. Yau
Daniel R. Sutter
Jamie L. Bowers
1100 New York Ave, NW, Fifth Floor
Washington DC 20005
Telephone: (202) 408-4600
Facsimile: (202)408-4699

**FEINBERG, JACKSON, WORTHMAN & WASOW, LLP**
Todd Jackson (SBN 202598)
Nina Wasow (SBN 242047)
2030 Addison St., Suite 500
Berkeley, CA 94704
Telephone: (510) 269-7998

Facsimile: (510) 269-7994

*Attorneys for Plaintiff*

**ATTESTATION PURSUANT TO L.R. 5-1(i)(3)**

I, Nina Wasow, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Date: July 7, 2020                                     */s/ Nina Wasow*
                                                               Nina Wasow