# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Yvonne Becker,<br><br>               Plaintiff,<br><br>   vs.<br><br>Wells Fargo & Co.; Employee Benefit   Review Committee; Human Resources Committee of the Board of Directors of Wells Fargo & Co.; Ronald L. Sargent; Wayne M. Hewett; Donald M. James; Maria R. Morris; Wells Fargo Bank, National; and Galliard Capital Management,<br><br>               Defendants. | Case No. 0:20-cv-02016 (DWF/BRT)<br><br><br>**[PROPOSED] ESI PROTOCOL AND ORDER** |

### 1.    PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

### 2.    COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

### 3.    LIAISON

The parties will identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

### 4.      PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. The parties agree that each party must take reasonable and proportionate steps to preserve potentially relevant ESI created during the relevant time period. The parties agree to meet and confer regarding the sources and custodians from which they will collect documents for production in response to document requests.

### 5.      SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

### 6.      PRODUCTION FORMATS

The parties agree to produce documents in the following format:

All documents maintained originally in electronic, native format ("ESI") and collected for this case[1] are to be produced in an "imaged" file format, where reasonably feasible, with a corresponding load file containing OCR or extracted text, and metadata fields, as described below. The parties agree that Excel spreadsheets, PowerPoint slides, Microsoft Access files and .CSV files will be provided in native format with a TIFF placeholder and that other files that cannot be rendered to TIFF in a readable format will be produced in native format as well.  Furthermore, if the receiving party requests that a particular document be produced in native format, the producing party must send the document in native format to the receiving party within ten (10) days or meet and confer in good faith regarding any reason(s) not to produce the document in native format.

---

[1] If documents were previously collected by the producing party in connection with another case and are not maintained in a format that allows the producing party to reproduce them in the format specified herein, the producing parties should work together to determine a reasonable format in which such documents may be produced and, where necessary, the producing party may produce the documents in the same format used in the previous matter.

Other specific information regarding the production format is provided below:

(a)     Native: Microsoft Access files, Excel files, PowerPoint slides, .CSV files, other similar databases and spreadsheet files, and other files that cannot be rendered in a readable TIFF format shall be produced in the format which the electronically stored information was originally created, where reasonably feasible.  Native Files will be produced together with a placeholder TIFF image.  Each TIFF placeholder will contain language indicating that the document is being produced in native format.  A relative file path to the native file shall be provided in the load file. To the extent Plaintiff obtains through discovery a file or document that she believes is not adequately represented in an image file format, she may request that file or document be produced in native format, the production of which may not unreasonably be withheld.

(b)     Imaged File:  Documents will be produced in single page TIFF image format, converted from the native file.  The specifications regarding images are:

(i)     All images shall be produced in single page 300 DPI Group IV black and white Tagged Image File Format ("TIFF").  If the receiving party identifies a black and white document that would be easier to evaluate or read in color and where it appears that a color version would display the content in a more readable format, the receiving party may request that document in color, and the producing party must send the document in a color or native format, such as a color TIFF or .jpg,  to the receiving party within ten (10) days or meet and confer in good faith regarding any reason(s) not to produce the document in color;

(ii)     Track changes and comments in Word documents and PowerPoint notes shall also be imaged so that such content is viewable on the images.

(iii)     Bates numbers shall be branded to the images;

(iv) Images shall be single page image files (one file for each page of a document).

(c)     Image Load Files: An image load file in a standard .opt load file format shall be included;

(d)      OCR or Extracted Text File:  An OCR or Extracted text file which corresponds to each produced document shall be provided as follows:

(i)      Document level OCR text for redacted documents or Extracted text for ESI not containing redaction are to be located in the same directory as its image file;

(ii)      The text file name shall be the same name of the first image page for the document set, followed by .txt.

(iii)      An OCR or Extracted text file containing the produced document's content will be provided for all documents whether it is produced as an image file or natively unless the document was originally maintained in image, nonsearchable format and the producing party has chosen not to OCR the document because the expense is not justified, given the types of documents and utility of the OCR.  In that situation, the producing party will produce the document as it was kept in the ordinary course of business, without OCR, and will identify for the receiving party in the production cover letter the Bates numbers of the documents that have not had OCR applied.

(e)      Load File: A load file shall be provided in a ".dat" file format that contains metadata fields in a delimited text load file with Concordance standard delimiters.  The fielded data should include all the below metadata fields for each document produced.  The first line of the data load file should contain the field headers indicating the contents of each field, and each subsequent line should contain the fielded data for each document, where such fielded data is reasonably available. If the receiving party discovers that some or all of the following metadata fields are missing, and it appears that they should have been populated for certain documents, and the receiving party brings this to the attention of the producing party, the producing party will use reasonable efforts to determine the reason for the missing or incomplete metadata fields and will supplement its production if it finds that the fields are reasonably available.

| FIELD NAME | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|
| BEGBATES | Beginning production number for a given file/document | Email, E-Doc and Other[2] |
| ENDBATES | Ending production number for a given file/document | Email, E-Doc and Other |
| BEGATTACH | Production number of first page of parent | Email, E-Doc and Other |
| ENDATTACH | Production number of last page of last attachment | Email, E-Doc and Other |
| CUSTODIAN | Person or other source from whom/which files were collected | Email, E-Doc and Other |
| ALLCUSTODIAN | Other custodians the producing party agreed to produce and who had the file but where the file was eliminated through de-duplication | Email and E-Doc |
| FILEEXT | File extension | Email and E-Doc |
| HASH | MD5 Hash Value | E-mail and E-Doc |
| SUBJECT | Subject | E-mail |
| FROM | Sender | E-mail |
| TO | Recipient | E-mail |
| CC | Copyee(s) | E-mail |
| BCC | Blind Copyee(s) | E-mail |
| DATESENT | Date Sent & Time (MM/DD/YYYY HH:MM) | E-mail |
| DATERECEIVED | Date Received & Time (MM/DD/YYYY HH:MM) | E-mail |
| AUTHOR | Author | E-Doc |

---

[2] Other is defined as documents maintained in image file format or that were scanned from hard copy.

| DATELASTMOD | Date modified & Time (MM/DD/YYYY HH:MM) | E-Doc |
|---|---|---|
| FILENAME | Original file name | E-Doc |
| NATIVEFILE | Path to native file as produced if native files provided | Native |
| TEXTPATH | Path to OCR or extracted text file | E-mail, E-Doc and Other[3] |

(f)     Format for Hard-Copy (i.e., non-ESI) Productions and Static Images.   The following applies to documents that exist only in hard-copy format or in static image file format and are therefore unavailable in native electronically stored information ("ESI") format (e.g., documents scanned from hard copy, or documents maintained in static image format, like TIFF or PDF).  This format also applies to documents that may have been previously collected in other cases that pre-date this case and where the fielded data identified above for native file collections is unavailable.  All such documents that are amenable to being imaged should be produced in the same format specified for ESI, above, except that the only metadata fields provided will be BegBates, EndBates, BegAttach, EndAttach, Custodian and TextPath.  OCR will also be provided, if reasonably available, instead of extracted text.[4]

(g)     Documents from Structured Data/Databases:  The producing party will produce data exported from databases in a reasonably useable format, such as Excel, or in a pdf report format if reasonably useable or in another reasonably useable format.  If data from databases or

---

[3] A producing party may not OCR documents originally maintained in hard copy or in imaged file format if the expense is not justified and may produce them as they are kept in the ordinary course of business.  In that circumstance, the producing party will identify the Bates numbers of the documents that have not had OCR applied and for which extracted text is not available in the production cover letter.

[4] See footnote 3.

other structured data sources cannot be produced in a reasonably useable format, the parties will meet and confer to discuss the issue.

If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

## 7.      DEDUPLICATION AND THREADING

The Parties may de-duplicate ESI across custodial and non-custodial data sources (i.e., global deduplication) as long as AllCustodian information is provided, as specified above.  The Parties may also choose to produce only the most inclusive e-mail threads and eliminate non-inclusive threads where the non-inclusive thread is completely encompassed in the inclusive thread.  If a thread has unique documents attached, that thread will be considered inclusive. In the event part or all of an e-mail thread is nonsearchable, the Parties agree to meet and confer in good faith to develop a reasonable solution.

## 8.      NONRESPONSIVE ATTACHMENTS

The parties agree that the producing party may withhold nonresponsive attachments from document families that contain at least one responsive document if a slip sheet is inserted indicating that the document was withheld as nonresponsive or the families are Bates numbered prior to the removal of the nonresponsive documents and a list of the documents removed is provided.  Cover e-mails to responsive documents will be produced unless privileged.  If a party withholds nonresponsive attachments, the metadata listed in Section 6(e) will be provided for the nonresponsive documents in the load file, however it may be redacted for personal identifying information (such as a customer's social security number or other PII) or for privileged information. If the receiving party identifies a document or documents that appears to have a responsive attachment that was removed, the receiving party will identify the document or documents to the producing party by Bates number and the withholding party will provide an

explanation concerning why the attachment is non-responsive. If the parties are not able to agree, the parties may submit their dispute to the Court.

**9.      DOCUMENTS THAT POST-DATE THE COMPLAINT**

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.

**10.     MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

| By: | /s/ Jamie L. Bowers | /s/ Russell L. Hirschhorn |
|---|---|---|
| | **COHEN MILSTEIN SELLERS & TOLL PLLC** <br> Michelle C. Yau <br> Daniel R. Sutter <br> Jamie L. Bowers <br> 1100 New York Ave. NW, Suite 500 <br> Washington, DC 20005 <br> (202) 408-4600 <br> myau@cohenmilstein.com <br> dsutter@cohenmilstein.com <br> jbowers@cohenmilstein.com | **PROSKAUER ROSE LLP** <br> Russell L. Hirschhorn (*pro hac vice*) <br> Myron D. Rumeld (*pro hac vice*) <br> Joseph Clark (*pro hac vice*) <br> Eleven Times Square <br> New York, NY 10036 <br> Telephone: (212) 969-3000 <br> Facsimile: (212) 969-2900 <br> rhirschhorn@proskauer.com <br> mrumeld@proskauer.com <br> jclark@proskauer.com |
| | **FEINBERG, JACKSON, WORTHMAN & WASOW, LLP** <br> Todd Jackson (Cal. Bar No. 202598) <br> Nina Wasow (Cal. Bar No. 242047) <br> 2030 Addison Street, Suite 500 <br> Berkeley, CA 94704 <br> (510) 269-7998 <br> todd@feinbergjackson.com <br> nina@feinbergjackson.com | Tulio D. Chirinos (*pro hac vice*) <br> Proskauer Rose LLP <br> 2255 Glades Rd., Suite 421 Atrium <br> Boca Raton, FL 33431-7360 <br> Telephone: (561) 241-7400 <br> Facsimile: (561) 241-7145 <br> tchirinos@proskauer.com |
| | **ZIMMERMAN REED LLP** <br> s/ Carolyn G. Anderson <br> Carolyn G. Anderson (MN No. 275712) <br> June P. Hoidal (MN No. 033330X) | **DORSEY & WHITNEY LLP** <br> By */s/ Stephen P. Lucke* <br> Stephen P. Lucke (#0154210) <br> Nicholas J. Bullard (#0397400) <br> 50 South Sixth Street, Suite 1500 <br> Minneapolis, MN 55402 |

| | | |
|---|---|---|
| | Ian F. McFarland (MN No. 392900)<br>1100 IDS Center, 80 South 8th Street<br>Minneapolis, Minnesota 55402<br>(612) 341-0400<br>Carolyn.Anderson@zimmreed.com<br>June.Hoidal@zimmreed.com<br>Ian.McFarland@zimmreed.com<br><br>***Counsel for Plaintiff*** | Telephone: (612) 340-2600<br>Facsimile: (612) 340-2868<br>lucke.steve@dorsey.com<br>bullard.nick@dorsey.com<br><br>***Counsel for Defendants*** |
| | | |