UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Yvonne Becker, Christopher Nobles, Rosa Ramirez, Valerie Seyler and Jannien Weiner,<br><br>Plaintiffs,<br><br>vs.<br><br>Wells Fargo & Co.; Employee Benefit Review Committee; Wells Fargo Bank, National Association; and John and Jane Does, 1-20,<br><br>Defendants. | Case No. 0:20-cv-2016 (KMM/BRT)<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**<br><br>**CLASS ACTION** |

The Court has received and considered Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Provisional Class Certification (the "Motion") [ECF No. 246] in the above-captioned action (the "Action"), which is unopposed. The Court has also received and considered the supporting papers filed in connection with the Motion, including Plaintiffs' Memorandum of Law in Support the Motion for Preliminary Approval of Class Action Settlement and Provision Certification; the Class Action Settlement Agreement and Release dated March 8, 2022, (the "Settlement Agreement")[1]; and the declarations of Michelle C. Yau and Richard W. Simmons and exhibits thereto. Having further considered the arguments of counsel and the pleadings and record in the case, and

---

[1] Except as otherwise defined herein, all capitalized terms shall have the same meaning as in the Settlement Agreement.

1

having held a hearing on the motion on April 12, 2022, and finding good cause for granting the Motion,

    IT IS HEREBY **ORDERED** as follows:

    1.    The Court has jurisdiction to consider the Motion and the relief requested in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

    2.    The venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2). The Court makes a preliminary finding that: (i) the Settlement Agreement is fair, reasonable, and adequate to warrant sending notice of Settlement to the Settlement Class; (ii) the Settlement Agreement resulted from arm's-length negotiations in good faith between experienced counsel with the assistance of an experienced mediator following substantial discovery; (iii) the proposed Settlement was negotiated after document discovery was complete and after several depositions of fact witnesses and the Named Plaintiffs; (iv) the proposed Settlement eliminates risks to the Parties of continued litigation; (v) the proposed Settlement treats Settlement Class members equitably relative to each other; (vi) the proposed notice program is appropriate; and (vii) the Settlement Agreement and Settlement Class meet all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Eighth Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

    3.    For settlement purposes only, the Court preliminarily finds that the requirements for class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(1), or alternatively 23(b)(2), have been met and preliminarily certifies the following Settlement Class under Federal Rule of Civil Procedure 23(b)(1):

> All Participants of the Wells Fargo & Company 401(k) Plan at any time between March 13, 2014, through the date on which the Settlement becomes Final. Excluded from the Settlement Class are members of the Employee Benefit Review Committee from March 13, 2014 through the date on which the Settlement becomes Final.

4.  Named Plaintiffs Yvonne Becker, Christopher Nobles, Rosa Ramirez, Valerie Seyler, and Jannien Weiner are appointed as Class Representatives, and their counsel—Cohen Milstein Sellers & Toll PLLC, Keller Rohrback LLP, and Zimmerman Reed LLP—are appointed as Class Counsel.

5.  The Court approves the text of the Class Notice (Exhibit A to this Order) and the method of giving direct notice to Settlement Class members by email and, if no email address is available, by U.S. mail. The Court finds that the proposed Class Notice fairly and adequately provides information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms and effect of the Settlement Agreement; (4) the process for Former Participants to elect to receive their Final Individual Dollar Recovery as a tax-qualified rollover into an individual retirement account or other eligible employment plan; (5) Settlement Class members' right to object to the proposed Settlement and the deadline for doing so; (6) the Released Claims and Defendants' Released Claims; (7) the identity of Class Counsel and the amount of attorneys' fees and expense reimbursements they will request in connection with the Settlement and the right of Settlement Class members to object to these requests; (8) the amount sought as Case Contribution Awards and the right of Settlement Class members to object to these requests; (9) the date, time, and location of the Fairness Hearing; and (10) Settlement Class members' right to appear at the Fairness

Hearing. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the emailing and/or mailing of these Class Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Settlement Class members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

6.  The text of the proposed CAFA Notice (Exhibit B to this Order) is approved and upon mailing of those notices, Defendants will have fulfilled their obligations under the Class Action Fairness Act, 28 U.S.C. § 1715.

7.  No later than thirty (30) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall distribute the proposed Class Notice to all Settlement Class members by email. If a Settlement Class member does not have an email address on file with the Plan's recordkeeper, then the Settlement Administrator will send the Class Notice via first class mail.

8.  A Former Participant may elect to receive his/her Final Individual Dollar Recovery via a qualified rollover into an individual retirement account or other eligible employment plan (rollover in lieu of a check) by completing the electronic Former Participant Rollover Form (Exhibit D to this Order), which the Court approves for posting on the Settlement website. To receive a rollover in lieu of a check, Former Participants must electronically complete and submit the Form on the Settlement website at least twenty (20) days prior to the Fairness Hearing.

9. The Settlement Administrator also shall establish a settlement website and toll-free telephone line relating to the Settlement.

10. The Court also approves the text of the short-form Class Notice (Exhibit C to this Order) for publication in *USA Today* and for distribution to other news outlets via a PR Newswire Press Release.

11. Analytics, LLC is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement, the Plan of Allocation, and this Order. The Settlement Administrator shall be bound by the Protective Order [ECF No. 191]. The Settlement Administrator shall use the data about the Settlement Class members solely for the purposes of meeting its obligations as Settlement Administrator and for no other purpose.

12. EagleBank is hereby appointed as the Escrow Agent and shall perform all the duties of the Escrow Agent set forth in the Settlement Agreement.

13. On August 4, 2022, at 10:00 AM, or at such other date and time later set by Court Order, in Courtroom 3A of the United States District Court for the District of Minnesota, 316 N. Robert St., St. Paul, MN 55101, the Court will hold a Fairness Hearing to: (1) give final consideration to the fairness, reasonableness, and adequacy of the Settlement Agreement, (2) review any comments or objections regarding the Settlement Agreement, (3) consider whether the Court should enter a Final Approval Order approving this Settlement, (4) consider any motion for attorneys' fees and expense reimbursement by Class Counsel, and any motion for Case Contribution Awards, and (5) consider any other matters that the Court may deem appropriate in connection with the Settlement.

14. Any objections to the Settlement, requested attorneys' fees and expenses, or Case Contribution Awards from Settlement Class members must be timely sent to Class Counsel and Defense Counsel to be considered. To be timely, the objection must be personally delivered, or sent by U.S. mail or courier, to Class Counsel and Defense Counsel no later than twenty (20) calendar days prior to the date of the Fairness Hearing. The objection must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class member's full name, current address, email address, and telephone number; (3) describe the basis for the objection; and (4) include the Settlement Class member's signature. A Settlement Class member who submits an objection need not appear at the Fairness Hearing for the Settlement Class member's objection to be considered by the Court. Any Settlement Class member who intends to speak at the Fairness Hearing must provide notice of their intention no later than twenty (20) calendar days prior to the date of the Fairness Hearing. Any Settlement Class member who fails to timely submit an objection in the manner prescribed herein shall be deemed to have waived such Settlement Class member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding that involves the Released Claims.

15. The deadline for Parties to file a response to objections is ten (10) days prior to the Fairness Hearing. Class Counsel shall file with the Court any objections to the Settlement that Class Counsel receives.

16. Any application for attorneys' fees and costs, administrative expenses, or Class Representatives' Case Contribution Awards shall be filed no later than twenty-one (21) calendar days prior to the deadline for objections.

17. No later than twenty-one (21) calendar days prior to the deadline for objections, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement.

18. The Settlement Class members are preliminarily barred and enjoined from asserting any of Plaintiffs' Released Claims against any of the Released Defendant Parties, and the Defendants are preliminarily barred and enjoined from asserting any of Defendants' Released Claims against any of the Released Plaintiff Parties.

19. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with the Settlement, shall be construed as an admission or concession by Defendants as to the validity of any claims or as to the truth of any allegations in this Action, or of any liability, fault, or wrongdoing of any kind.

20. Unless otherwise ordered by the Court, all proceedings in the Action are stayed except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement or other agreement of the Parties.

21. In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, then the Parties and Settlement Class members will be restored to their respective positions as of January 4, 2022, the day immediately prior to the date on which the Term Sheet was executed. This Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and any order entered by the Court pursuant to the terms of the

Settlement Agreement, including the certification of the Settlement Class for settlement purposes, shall be treated as vacated *nunc pro tunc*.

Date: April 25, 2022      *s/Katherine Menendez*
　　　　　　　　　　　　　　　Katherine Menendez
　　　　　　　　　　　　　　　United States District Judge