**Exhibit A**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

# If you participated in the Wells Fargo & Company 401(k) Plan since March 13, 2014, you could get a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement of $32,500,000.00 has been proposed to resolve claims by Former and Current Participants in the Wells Fargo & Company 401(k) Plan (the "Plan") who invested in certain Plan investments ("Challenged Funds") since March 13, 2014 through the Effective Date of the Settlement, if approved.[1]

- Current and Former Participants who invested in the Challenged Funds since March 13, 2014 may be eligible to receive a share of the Qualified Settlement Fund based on the Plan of Allocation, which is available at www.wellsfargoerisasettlement.com. Payments to Current Participants will be deposited into their respective Plan accounts. Payments to Former Participants will be mailed as checks by the Settlement Administrator to the best available address. However, Former Participants can instead elect to rollover their payment into a qualified retirement plan account or individual retirement account.

- The Settlement resolves a lawsuit over whether those responsible for selecting and monitoring the Challenged Funds complied with their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA").

- Court-appointed lawyers for Plan participants will ask the Court for attorneys' fees up to 33% of the gross Settlement payment from Wells Fargo to satisfy the settled claims, plus the litigation expenses incurred in the prosecution of the case.

- The two sides disagree on whether Plaintiffs could have prevailed at trial and, if they did, how much money the Court would award after trial.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| DO NOTHING | If your 401(k) account was invested in the Challenged Funds any time since March 13, 2014, you may be eligible to receive a payment from the Settlement.[2] |
| OBJECT BY [DATE] | Write to the Court about what you like or do not like about the Settlement. |
| ATTEND A HEARING | Ask to speak in Court about the fairness of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and after any appeals are resolved. If the Court does not approve the Settlement, you will not receive a payment. Please be patient.

---

[1] Capitalized terms are defined in this Notice or in the Settlement Agreement available at www.wellsfargoerisasettlement.com.
[2] For Former Participants invested in Challenged Funds, the recovery amount must be at least $5.00 to receive a payment.

Questions? Call 844-485-2675 Toll Free or Visit www.wellsfargoerisasettlement.com

1

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION .................................................................................................................3
   1. What is this Notice and why should I read it? ..................................................................3
   2. What is a class action lawsuit? .........................................................................................3
THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT ..................................................................3
   3. What is this lawsuit about? ...............................................................................................3
   4. Why is there a Settlement? ..............................................................................................3
WHO IS IN THE SETTLEMENT ......................................................................................................4
   5. How do I know if I am part of the Settlement? ................................................................4
   6. Are there exceptions to being included? ..........................................................................4
   7. I'm still not sure if I am included. .....................................................................................4
THE SETTLEMENT RECOVERY .....................................................................................................4
   8. What does the Settlement provide? .................................................................................4
   9. How much will my payment be? .......................................................................................4
HOW TO GET A PAYMENT ...........................................................................................................5
   10. How do I get a payment? .................................................................................................5
   11. When will I get my payment? ...........................................................................................6
THE LAWYERS REPRESENTING YOU ...........................................................................................6
   12. Who represents the Settlement Class? ............................................................................6
   13. How will the lawyers be paid? ..........................................................................................7
INDEPENDENT FIDUCIARY ...........................................................................................................7
   14. Will the Settlement be reviewed by anyone other than the Court? ..................................7
YOUR RIGHTS AND OPTIONS ......................................................................................................7
   15. What is the effect of final approval of the Settlement? ....................................................7
   16. What happens if I do nothing at all? .................................................................................8
   17. May I get out of the Settlement? ......................................................................................8
   18. Can I sue Wells Fargo for the same thing later? .............................................................8
   19. How do I object to the Settlement? ..................................................................................8
THE COURT'S FAIRNESS HEARING .............................................................................................9
   20. When and where will the Court hold a hearing on the fairness of the Settlement? ..........9
   21. May I speak at the hearing? .............................................................................................9
GETTING MORE INFORMATION ....................................................................................................9
   22. Where can I get additional information? ...........................................................................9

## BASIC INFORMATION

### 1. What is this Notice and why should I read it?

The Court authorized this Notice because you have a right to know about a proposed settlement of a class action lawsuit, *Becker, et al. v. Wells Fargo & Company, et al.*, Case No. 0:20-cv-02016 (the "Action"), brought on behalf of the Settlement Class members, and pending in the United States District Court for the District of Minnesota. This notice describes the Settlement, your legal rights, what payments are available, and your options. Please understand that if you are a Settlement Class member, your legal rights are affected regardless of whether you act or not.

### 2. What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case current and former Plan participants—sue on behalf of a group of people who allegedly have similar claims under ERISA. All of these people are Settlement Class members. The entities sued, Wells Fargo & Company, the Employee Benefit Review Committee, and Wells Fargo Bank, National Association, are called Defendants. Plaintiffs and Defendants are called the Parties. In a class action, one court resolves the issues for all Settlement Class members. U.S. District Judge Katherine M. Menendez is in charge of this class action.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

The lawsuit alleged that the Defendants breached their fiduciary duties and committed prohibited transactions under ERISA in connection with the selection and monitoring of the Challenged Funds. Plaintiffs alleged that Defendants breached their fiduciary duties by offering and retaining the Challenged Funds as investment options in the Plan. A more complete description of what Plaintiffs alleged is in the Complaint, which is available at www.wellsfargoerisasettlement.com. Defendants deny they did anything wrong.

### 4. Why is there a Settlement?

The Court did not decide in favor of any party. Instead, both sides agreed to a settlement. That way, both sides avoided the cost and risk of a trial, and the Current Participants and Former Participants who invested in the Challenged Funds will get Settlement recoveries that they would not have received if Plaintiffs had litigated the case and lost. The Named Plaintiffs and their attorneys think the Settlement is in the best interest for everyone who participated in the Plan after March 13, 2014. The Court has reviewed and preliminarily approved the Settlement. The Court ordered this notice to be sent. Settlement Class members may now voice their support for, or opposition to, the Settlement before the Court makes a final determination as whether to approve the Settlement.

## WHO IS IN THE SETTLEMENT CLASS

### 5. How do I know if I am part of the Settlement?

Judge Menendez decided that everyone who fits this description is a Settlement Class member: *all Persons who were Participants of the Plan at any time from March 13, 2014 through the date on which the Settlement becomes Final*.

### 6. Are there exceptions to being included?

Yes. If you are a member of the Employee Benefit Review Committee from March 13, 2014, through the date on which the Settlement becomes final, you are not a member of the class.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are a member of the Settlement Class, you can ask for free help. You can call 844-485-2675 toll-free or visit www.wellsfargoerisasettlement.com for more information.

## THE SETTLEMENT RECOVERY

### 8. What does the Settlement provide?

Wells Fargo has agreed to pay $32,500,000.00 into a Qualified Settlement Fund to resolve the claims of the Class. Once amounts for expenses associated with administering the Settlement, taxes, tax expenses, as well as any Court-approved attorneys' fees, litigation expenses, and Case Contribution Awards to the Named Plaintiffs are subtracted, Settlement Class members will receive payments from the remaining "Net Settlement Fund." (*See* Question No. 9.) The Net Settlement Fund will be allocated to Settlement Class members who invested in the Challenged Funds ("Affected Settlement Class members"). Former Participants must have a recovery that is $5.00 or more, given the expense associated with paper check distribution, tax withholding and forms, and with processing rollovers for Former Participants.

### 9. How much will my payment be?

**Calculation of payments**. The Plan of Allocation describes how the recoveries of Settlement Class members will be calculated and is available at www.wellsfargoerisasettlement.com. The following generally describes how payments to Affected Settlement Class members will be determined:

For each Affected Settlement Class member, the Settlement Administrator shall determine a "Final Individual Dollar Recovery" which is based on (i) the Challenged Fund's percentage of the alleged Total Losses[3] during the Class Period and (ii) each Affected Settlement Class member's pro rata share of the Net Settlement Fund amount allocated to each of the Challenged Funds.

---

[3] Alleged Total Losses reflect the aggregate value of alleged fee losses at the Plan level for all Challenged Funds (i.e., total fees paid Wells Fargo from a Challenged Fund, plus reinvestment income on those fees during the Class Period). However, for the Stable Value Fund, no fees were paid to Wells Fargo from such fund during the Class Period, and thus the Plan-level alleged fee losses are assumed to be $100,000 to ensure a Net Settlement Fund allocation to the Stable Value Fund.

Questions? Call 844-485-2675 Toll Free or Visit www.wellsfargoerisasettlement.com

4

The Final Individual Dollar Recovery (if any) shall be calculated by the Settlement Administrator for each Affected Settlement Class member as follows:

a) Each Challenged Fund receives a percentage of the Net Settlement Fund based on its portion of alleged Total Losses among all Challenged Funds. The percentages assigned to each Challenged Fund are based on each Funds' respective proportion of alleged Total Losses, and are shown in the third column below. The second column below shows each Challenged Funds' allocation using a hypothetical $21,000,000 Net Settlement Fund:

| Challenged Fund | Allocation from Net Settlement Fund[4] | %[5] |
|---|---:|---:|
| WF State Street Target CITs | $7,534,000 | 35.9% |
| WF Causeway CIT | $3,851,000 | 18.3% |
| WF Federated CIT | $47,000 | 0.2% |
| WF Stable Value Fund | $26,000 | 0.1% |
| WF Emerging Growth MF | $8,589,000 | 40.9% |
| WF 100% Treasury MMF | $953,000 | 4.5% |
| **Total** | **$21,000,000** | **100.0%** |

b) For each Challenged Fund, the total Allocation from the Net Settlement Fund will be distributed to all Settlement Class members who invested in that Fund based on his/her pro rata investment in that Fund compared to the total investments of all other Class members.

c) For each Settlement Class member, aggregate all of their recovery amounts for all Challenged Funds in which he/she invested.

d) If the amount of a Former Participant's aggregate recovery is less than $5.00, then it is considered a de minimis payment and will not be distributed, it will be reallocated to other Class members who do not have de minimis recovery amounts.

## HOW TO GET A PAYMENT

**10. How do I get a payment?**

Affected Settlement Class members do not have to submit claim forms to receive a Settlement recovery. Their Settlement recoveries will be distributed automatically in the following manner if the Court approves the Settlement:

---

[4] The values shown are rounded to thousands of dollars.

[5] Because these percentages are rounded, they may not add up to 100% exactly. The Final Individual Dollar Recovery, however, will be based on the exact, non-rounded figures.

"**Current Participants**" are current Plan participants who have a positive balance in their Plan account. The Settlement recovery for Current Participants who invested in the Challenged Funds will be deposited directly into their Plan accounts in accordance with their investment elections for future contributions. If no investment elections for future contributions are on file, the payment will be invested in the Plan's qualified default investment alternative, the State Street Conservative Target Retirement Non-Lending Series Fund. For payments to Current Participants into their Plan accounts, taxes will not be withheld.

"**Former Participants**" are individuals who had an active Plan account sometime since March 13, 2014, but currently do not have an account with a positive balance. Former Participants who invested in the Challenged Funds will automatically receive payments under the Settlement in the form of a check with applicable 1099 taxes withheld; and do not need to submit any paperwork to receive a payment under the settlement. However, Former Participants who would prefer to have their Settlement recovery rolled over into a qualified retirement plan account or individual retirement account may elect that rollover option by filling out an electronic form available at www.wellsfargoerisasettlement.com by [20 days before Fairness Hearing, 2022]. For payments effectuated as a rollover, taxes will not be withheld. The Settlement Administrator will provide information regarding how to properly complete the Former Participant Rollover Form, but it will not provide financial, tax or other advice concerning which form of payment to elect. Because the form of payment may have certain tax consequences for Affected Former Participants, please consult your tax advisor before deciding whether to do nothing (and receive your payment as a check) or elect a rollover.

If your mailing address has changed since you worked at Wells Fargo, please contact the Settlement Administrator at 844-485-2675 to provide your current address and ensure your payment is sent there.

| 11. When will I get my payment? |
|---|

The Court will hold a hearing on _____ ___, 2022, to decide whether to approve the Settlement. If Judge Menendez approves the Settlement, there may be appeals after that date. If there is an appeal of the Final Approval Order, that means that the appeals court will review whether it agrees that the Settlement is fair and reasonable. It's always uncertain whether these appeals can be resolved and they can take time, perhaps more than a year. Please be patient.

If no one appeals Judge Menendez's Final Approval Order (meaning nobody files a challenge to entry of the Final Approval Order), the Settlement distribution likely will occur within approximately three months.

## THE LAWYERS REPRESENTING YOU

| 12. Who represents the Settlement Class? |
|---|

The Court has appointed lawyers from the law firms Cohen Milstein Sellers & Toll PLLC, Keller Rohrback LLP, and Zimmerman Reed LLP to represent you and other Settlement Class members. These lawyers are called Class Counsel. You will not be charged for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense. The resumes for Class Counsel and information about the work they did in prosecuting this case and negotiating the proposed Settlement of $32.5 million is available at www.wellsfargoerisasettlement.com.

In addition, the Court appointed Plaintiffs Yvonne Becker, Christopher Nobles, Rosa Ramirez, Valerie Seyler, and Jannien Weiner to serve as Settlement Class Representatives. Subject to approval by the Court, Class Counsel has proposed that $15,000 be paid from the settlement fund to each of the Class Representatives in recognition of the time and effort they expended on behalf of the Class. The Court will

determine the proper amount of any Case Contribution Award to the Class Representatives. The Court may award less than that amount.

### 13. How will the lawyers be paid?

From the beginning of the case, which was filed in March 2020, to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the Settlement. Nor have they been paid for any litigation expenses they have incurred. Class Counsel will therefore apply to the Court for an award of attorneys' fees not to exceed 33% of the $32.5 million settlement amount plus the litigation expenses they have incurred in the prosecution of the case. The rationale for the attorneys' fees and expense request will be posted at www.wellsfargoerisasettlement.com by [41 days prior to the Fairness Hearing]. The Court will determine the reasonable amount of any attorneys' fees and expenses to award Class Counsel.

Any attorneys' fees and expenses awarded by the Court will be paid to Class Counsel from the Qualified Settlement Fund. Settlement Class members will not have to pay anything toward the fees or expenses of Class Counsel other than any amount awarded from the Qualified Settlement Fund.

## INDEPENDENT FIDUCIARY

### 14. Will the Settlement be reviewed by anyone other than the Court?

Yes. The Parties have selected and retained an experienced Independent Fiduciary to review the Settlement on behalf of the Plan and determine whether to authorize the Plan to release the claims against Defendants and whether it will file an objection to the Settlement. As an impartial third party, the Independent Fiduciary will review the Action and the Settlement, including the claims alleged against Defendants, the terms of the Settlement and the Plan of Allocation that will be used to determine each Settlement Class member's recovery amount. The Independent Fiduciary will submit its written approval and findings supporting such approval to the Court. The Independent Fiduciary's written report and approval will be filed with the Court on or before the deadline for filing the Final Approval Motion.

## YOUR RIGHTS AND OPTIONS

### 15. What is the effect of Final Approval of the Settlement?

If the Court grants final approval of the Settlement, a final order and judgment dismissing the case will be entered in the Action. Payments under the Settlement will then be processed and distributed. All of the Court's orders will apply to you and legally bind you, including the release of claims outlined in the Settlement Agreement, which describes exactly the legal claims that you give up upon Final Approval of the Settlement.

If the Settlement is approved, no Settlement Class member will be permitted to continue to assert Plaintiffs' Released Claims in any other litigation against Wells Fargo or the other persons and entities covered by the release. If you object to the terms of the Settlement Agreement or the requested attorneys' fees and costs, you may notify the Court of your objection. (*See* Table on page 2 of this Notice.)

If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached and no payments to Settlement Class members will be made. If the Settlement is not approved and the case resumes, there is no assurance that Settlement Class members will recover more than what is provided under the Settlement, or anything at all.

### 16. What happens if I do nothing at all?

If you do nothing, you will release any claims you may have against the Defendants concerning the conduct Plaintiffs allege in their Complaint. (*See* Question No. 15.) You may also receive a payment as described in Questions No. 8-11.

### 17. May I get out of the Settlement?

No. If the Court approves the Settlement, you will be bound by it and will receive whatever Settlement recovery you are entitled to under its terms. You cannot exclude yourself from the Settlement but you may notify the Court of your objection to the Settlement. (*See* Question No. 19). If the Court approves the Settlement, it will do so under Federal Rule of Civil Procedure 23(b)(1) or alternatively under 23(b)(2), which do not permit Settlement Class members to opt out of the Class.

### 18. Can I sue Wells Fargo for the same thing later?

No. If the Court approves the Settlement, you will have given up any right to sue Wells Fargo and the Released Defendant Parties for the claims being resolved by this Settlement.

### 19. How do I object to the Settlement?

You can object to the Settlement, the requested attorneys' fees and expenses, or to the requested awards to the Class Representatives. If you object, you must give the reasons why you think the Court should not approve the Settlement, the requested attorneys' fees and costs, or the awards to the Class Representatives. The Court will consider your views. Your objection must be postmarked no later than [objection deadline] and must be sent to the Court and the attorneys for the Parties at the addresses below:

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court, Kate Fogarty<br>DIANA E. MURPHY U.S. COURTHOUSE<br>300 S. Fourth Street - Suite 202<br>Minneapolis, MN 55415 | Michelle C. Yau<br>COHEN MILSTEIN SELLERS & TOLL PLLC<br>1100 New York Ave Ste. 500 W<br>Washington, D.C. 20005 | Russell L. Hirschhorn<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, NY 10036-8299 |

The objection must be in writing and include the following: (a) case name and number (*Becker, et al. v. Wells Fargo & Company, et al.*, Case No. 0:20-cv-02016); (b) your name; your address; (d) a statement that you are a member of the Class; (e) the specific grounds for the objection (including all arguments, citations, and evidence supporting the objection); (f) all documents or writings that you desire the Court to consider (including all copies of any documents relied upon in the objection); (g) your signature and telephone number; and (h) a notice of intention to appear at the Fairness Hearing (if applicable). If you are represented by counsel, you or your counsel must file your objection through the Court's CM/ECF system. The Court will consider all properly filed objections from Settlement Class members. If you wish to appear at the Fairness Hearing in addition to submitting a written objection to the Settlement, you or your attorney must say so in your written objection. Class Counsel will file with the Court and post on the settlement website its request for attorneys' fees and expenses 21 days prior to [objection deadline].

Questions? Call 844-485-2675 Toll Free or Visit www.wellsfargoerisasettlement.com

8

## THE COURT'S FAIRNESS HEARING

**20. When and where will the Court hold a hearing on the fairness of the Settlement?**

The Court will hold a Fairness Hearing on [_____date_____] at [time], before The Honorable Katherine M. Menendez at the Diana E. Murphy United States Courthouse, 300 South Fourth Street Minneapolis, MN 55415 in courtroom 8E. At the hearing, the Court will hear any objections, comments, and arguments concerning the fairness of the proposed Settlement, the requested attorneys' fees and expenses, and the requested awards to the Class Representatives. You do not need to attend this hearing. You also do not need to attend to have an objection considered by the Court. (*See* Question No. 19.)

**Note**: The date and time of the Fairness Hearing are subject to change by Court Order, but any changes will be posted at www.wellsfargoerisasettlement.com.

**21. May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement or the requested attorneys' fees, costs and Class Representative awards. To do so, you must send a letter, which is your "Notice of Intention to Appear in *Becker, et al. v. Wells Fargo & Company, et al.*, Case No. 0:20-cv-02016." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, 2022, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses stated above.

## GETTING MORE INFORMATION

**22. Where can I get additional information?**

This notice provides only a summary of information about the Settlement. For more detailed information, you may wish to review the Settlement Agreement. You can view the Settlement Agreement, the Plan of Allocation and all other court documents filed in connection with the proposed Settlement at www.wellsfargoerisasettlement.com. You can also get more information by calling the Settlement Administrator toll free at 844-485-2675. The Settlement Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of Court, Ruby Kate Fogarty, located at the Diana E. Murphy U.S. Courthouse, 300 South Fourth Street Suite 202, Minneapolis, MN 55415. For a fee, all papers filed in the Action are available at www.pacer.gov.

**Please do not contact the Court, the Judge, or Wells Fargo with questions about the Settlement.**