UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Yvonne Becker, Christopher Nobles, Rosa Ramirez, Valerie Seyler, and Jannien Weiner,<br><br>Plaintiffs,<br><br>v.<br><br>Wells Fargo & Co.; Employee Benefit Review Committee; Wells Fargo Bank, National Association, and John and Jane Does, 1-20,<br><br>Defendants. | Case No. 0:20-cv-02016 (KMM/BRT)<br><br>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT AND DISMISSAL**<br><br>**CLASS ACTION** |

Plaintiffs Yvonne Becker, Christopher Nobles, Rosa Ramirez, Valerie Seyler, and Jannien Weiner (collectively, "Plaintiffs") in the above-captioned lawsuit (the "Action") on behalf of themselves and the Settlement Class, and Defendants Wells Fargo & Company, the Employee Benefit Review Committee, and Wells Fargo Bank, National Association (the "Defendants"), have entered into a Class Action Settlement Agreement dated March 8, 2022. The Settlement Agreement,[1] subject to the final approval of this Court, provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendants by Settlement Class members on the terms and conditions set forth in the Settlement Agreement. It is now before the Court for final approval.

---

[1] All capitalized terms have the meaning assigned to them in the Settlement Agreement, ECF No. 248-1, unless otherwise specified herein.

1

This Court preliminarily approved the Settlement. (ECF No. 256) (the "Preliminary Approval Order"). In that Order the Court: (1) approved the proposed form and manner of Class Notice and authorized distribution of the Class Notice; (2) approved the proposed form of the Class Action Fairness Act ("CAFA") Notice; (3) appointed Analytics Consulting, LLC to serve as Settlement Administrator for purposes of dissemination of the approved Class Notice and administration of the Settlement; (4) appointed EagleBank to serve as Escrow Agent; (5) established deadlines for the filing of the Final Approval Motion, applications for award of attorneys' fees, reimbursement of expenses, and Case Contribution Awards; and (6) scheduled the Fairness Hearing for August 4, 2022. However, on April 26, 2022, the Court rescheduled the Fairness Hearing for August 10, 2022 (ECF No. 258).

Following preliminary approval Analytics Consulting, LLC ("Analytics") disseminated the approved Class Notice, which provided Settlement Class members sufficient notice of: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms and effect of the Settlement Agreement; (4) the process for Former Participants to elect to receive their Final Individual Dollar Recovery as a tax-qualified rollover into an individual retirement account or other eligible employment plan; (5) Settlement Class members' right to object to the Settlement and the deadline for doing so; (6) the Released Claims and

2

Defendants' Released Claims; (7) the identity of Class Counsel and the amount of attorneys' fees and expense reimbursements they will request in connection with the Settlement and the right of Settlement Class members to object to these requests; (8) the amount sought as Case Contribution Awards and the right of Settlement Class members to object to these requests; (9) the date, time, and location of the Fairness Hearing; and (10) Settlement Class members' right to appear at the Fairness Hearing.

Analytics also established a settlement website and toll-free telephone line relating to the Settlement to provide information concerning the Settlement and to answer questions of Settlement Class members. Analytics published the short-form Class Notice approved by the Court in USA Today and distributed it to other news outlets via a PR Newswire Press Release.

The Court has considered all papers filed and proceedings held in connection with the Settlement, including the arguments presented during the Fairness Hearing on August 10, 2022.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court has jurisdiction over the subject matter of the Action and over the Parties to the Action, including all members of the Settlement Class.

2. For the sole purpose of settling and resolving the Action, the Court certifies this Action as a class action pursuant to Rules 23(a) and (b)(1), or alternatively Rule 23(b)(2), of the Federal Rules of Civil Procedure. The Settlement Class is defined as:

> [A]ll Persons who were Participants of the Plan at any time from March 13, 2014 through the date on which the Settlement becomes Final. Excluded from

3

the Settlement Class are members of the Employee Benefits Review Committee from March 13, 2014 through the date on which the Settlement becomes Final.

Settlement Agreement § 1.38.

## Notice of the Settlement and Reaction of the Settlement Class

3. The Court finds that the dissemination of the Class Notice: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise all Settlement Class members of (a) the pendency of the Action, (b) the effect of the Settlement (including the releases provided for therein), (c) Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and Case Contribution Awards, (d) the right of Settlement Class members to object to the Settlement, and (e) their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and Due Process, as well as all other applicable law and rules.

4. In some form, 21 members of the Settlement Class responded to the Class Notice. However, no Settlement Class members filed objections to the Settlement. Similarly, no objections or concerns were communicated to counsel for either side, to either party, to Analytics, or to the Court.

5. The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were satisfied as of April 7, 2022 when Defendants sent the CAFA Notice approved by this Court to the appropriate state and federal officials. *See* Declaration

4

of Tulio D. Chirinos ("Chirinos Decl.") in support of this Order and Exhibits 1-3 to Chirinos Decl.

### Final Approval of the Settlement and the Plan of Allocation

6. Pursuant to Federal Rule of Civil Procedure 23(e) and upon consideration of the factors set forth in Rule 23(e)(2) and the factors that the Eighth Circuit endorses when analyzing a class action settlement, *see, e.g.*, *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988), the Court hereby approves the Settlement and finds it is, in all respects, fair, reasonable, adequate, and in the best interest of Settlement Class members. More particularly, the Court finds that:

    a. the Class was adequately represented in the prosecution of this Action and in connection with the negotiation of the Settlement by Class Counsel and the Named Plaintiffs;

    b. the Settlement was negotiated vigorously, in good faith and at arm's-length by experienced and knowledgeable counsel for the Defendants, on the one hand, and the Plaintiffs and Plaintiffs' Counsel on behalf of the Settlement Class, on the other hand;

    c. this Action was significantly advanced at the time the Settlement was negotiated and therefore, Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

    d. if the Settlement had not been achieved, Plaintiffs and Defendants faced expense, risk, and uncertainty in connection with further litigation and trial;

  e. the amount of the monetary relief provided to the Settlement Class by the Settlement, thirty-two million five hundred thousand dollars ($32,500,000.00), is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal;

  f. the method of distributing the Net Settlement Fund to the Settlement Class is efficient and effective, relying on the Plan's recordkeeper's records and requiring no filing of claims;

  g. the Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under Federal Rule of Civil Procedure 23(e)(2)(C)(iv); and,

  h. the Class Settlement Amount is within the range of settlement values obtained in similar cases and, at all times, the Named Plaintiffs and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class.

7. The Plan of Allocation treats Settlement Class members equitably relative to one another and is finally approved as fair, reasonable, and adequate. Analytics shall implement the Plan of Allocation, and after Settlement Administration Expenses have been paid from the Qualified Settlement Fund, distribute the Net Settlement Fund among Settlement Class members in accordance with the Plan of Allocation. The payments made from the Net Settlement Fund to effect the Plan of Allocation constitute restorative payments in accordance with Revenue Ruling 2002-45.

8. Based upon the foregoing, which takes into account each of the factors specified in Federal Rule of Civil Procedure 23(e)(2), the Court finds that the Settlement and Plan of Allocation provided for therein are fair, reasonable and adequate and finally approved. The Parties are directed to promptly administer the Settlement in accordance with its terms.

## Dismissal of Claims

9. As of the Effective Date of Settlement, pursuant to Federal Rule of Civil Procedure 54(b), all claims asserted in this Action against Defendants by the Named Plaintiffs and the Settlement Class are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

## Releases

10. The terms of the Settlement Agreement and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all Settlement Class members, as well as their respective Successors-In-Interest, heirs, executors, administrators, predecessors, and successors and assigns unconditional release and forever discharge of the Releasees from any and all Released Claims. Likewise, Defendants release and forever discharge the Released Plaintiff Parties for any and all of Defendants' Released Claims.

## Additional Findings and Decrees

11. **Bar Order**: Upon the Effective Date of Settlement, all persons and entities shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any and all claims, actions, suits, causes of actions, arbitrations, or

demands in any forum against any of the Parties for recovery, contribution, indemnification or otherwise for any damages allegedly arising from any of the Released Claims as defined in the Settlement Agreement.

12.     **Incorporation of Settlement Documents**: This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on April 1, 2022 (ECF No. 248-1); (b) the Plan of Allocation filed with the Court on April 1, 2022 (ECF No. 248-2); and (c) the Class Notice approved by the Court on April 25, 2022 (ECF No. 256).

13.     **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action against Defendants by Settlement Class members.

14.     **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Class Settlement Amount; (c) any motion for an award of attorneys' fees and litigation expenses by Plaintiffs' Counsel in the Action that will be paid from the Class Settlement Amount; (d) the Settlement Class members for all matters relating to the Action; (e) the enforcement of the Bar Order against any person; and (f) the interpretation, implementation and enforcement of this Judgment. A separate order shall be entered on the motion of Plaintiffs' Counsel for an award of attorneys' fees and

reimbursement of litigation expenses and Plaintiff Case Contribution Awards. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of Settlement.

15.     **Modification of Settlement Agreement**. Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Contingency Reserve**: A reasonable contingency reserve will be established and determined by Analytics and Class Counsel to the extent they believe such a reserve is necessary.

17.     **Termination**: If the Effective Date of Settlement does not occur or the Settlement is terminated as provided in the Settlement Agreement, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

## Entry of Final Judgment

18.     The Clerk of Court is expressly directed to enter this Final Judgment and Order of Dismissal pursuant to Federal Rule of Civil Procedure 58, and to close this case.

Date: August 31, 2022                                    *s/ Katherine Menendez*
                                                         Katherine Menendez
                                                         United States District Judge