# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| Yvonne Becker, Christopher Nobles, Rosa Ramirez, Valerie Seyler, Jannien Weiner, | **AMENDED JUDGMENT IN A CIVIL CASE** |
| Plaintiffs, | |
| v. | Case Number: 20-cv-2016 KMM/BRT |
| Wells Fargo & Co., Employee Benefit Review Committee, Wells Fargo Bank, National Association, John and Jane Does, | |
| Defendants. | |

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. The Court has jurisdiction over the subject matter of the Action and over the Parties to the Action, including all members of the Settlement Class.

2. For the sole purpose of settling and resolving the Action, the Court certifies this Action as a class action pursuant to Rules 23(a) and (b)(1), or alternatively Rule 23(b)(2), of the Federal Rules of Civil Procedure. The Settlement Class is defined as:
[A]ll Persons who were Participants of the Plan at any time from March 13, 2014 through the date on which the Settlement becomes Final. Excluded from the Settlement Class are members of the Employee Benefits Review Committee from March 13, 2014 through the date on which the Settlement becomes Final.
Settlement Agreement § 1.38.
**Notice of the Settlement and Reaction of the Settlement Class**
3. The Court finds that the dissemination of the Class Notice: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was

reasonably calculated, under the circumstances, to apprise all Settlement Class members of (a) the pendency of the Action, (b) the effect of the Settlement (including the releases provided for therein), (c) Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and Case Contribution Awards, (d) the right of Settlement Class members to object to the Settlement, and (e) their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and Due Process, as well as all other applicable law and rules.

4. In some form, 21 members of the Settlement Class responded to the Class Notice. However, no Settlement Class members filed objections to the Settlement. Similarly, no objections or concerns were communicated to counsel for either side, to either party, to Analytics, or to the Court.

5. The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were satisfied as of April 7, 2022 when Defendants sent the CAFA Notice approved by this Court to the appropriate state and federal officials. *See* Declaration of Tulio D. Chirinos ("Chirinos Decl.") in support of this Order and Exhibits 1-3 to Chirinos Decl.

**Final Approval of the Settlement and the Plan of Allocation**

6. Pursuant to Federal Rule of Civil Procedure 23(e) and upon consideration of the factors set forth in Rule 23(e)(2) and the factors that the Eighth Circuit endorses when analyzing a class action settlement, *see, e.g.*, *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988), the Court hereby approves the Settlement and finds it is, in all respects, fair, reasonable, adequate, and in the best interest of Settlement Class members. More particularly, the Court finds that: a. the Class was adequately represented in the prosecution of this Action and in connection with the negotiation of the Settlement by Class Counsel and the Named Plaintiffs;

b. the Settlement was negotiated vigorously, in good faith and at arm's- length by experienced and knowledgeable counsel for the Defendants, on the one hand, and the Plaintiffs and Plaintiffs' Counsel on behalf of the Settlement Class, on the other hand;

c. this Action was significantly advanced at the time the Settlement was negotiated and therefore, Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

d. if the Settlement had not been achieved, Plaintiffs and Defendants faced expense, risk, and uncertainty in connection with further litigation and trial;

e. the amount of the monetary relief provided to the Settlement Class by the Settlement, thirty-two million five hundred thousand dollars ($32,500,000.00), is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal;

f. the method of distributing the Net Settlement Fund to the Settlement Class is efficient and effective, relying on the Plan's recordkeeper's records and requiring no filing of claims;

g. the Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under Federal Rule of Civil Procedure 23(e)(2)(C)(iv); and,

h. the Class Settlement Amount is within the range of settlement values obtained in similar cases and, at all times, the Named Plaintiffs and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class.

7. The Plan of Allocation treats Settlement Class members equitably relative to one another and is finally approved as fair, reasonable, and adequate. Analytics shall implement the Plan of Allocation, and after Settlement Administration Expenses have been paid from the Qualified Settlement Fund, distribute the Net Settlement Fund among Settlement Class members in accordance with the Plan of Allocation. The payments made from the Net Settlement Fund to effect the Plan of Allocation constitute restorative payments in accordance with Revenue Ruling 2002-45.

8. Based upon the foregoing, which takes into account each of the factors specified in Federal Rule of Civil Procedure 23(e)(2), the Court finds that the Settlement and Plan of Allocation provided for therein are fair, reasonable and adequate and finally approved. The Parties are directed to promptly administer the Settlement in accordance with its terms.

**Dismissal of Claims**

9. As of the Effective Date of Settlement, pursuant to Federal Rule of Civil Procedure 54(b), all claims asserted in this Action against Defendants by the Named Plaintiffs and the Settlement Class are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

**Releases**

10. The terms of the Settlement Agreement and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all Settlement Class members, as well as their respective Successors-In-Interest, heirs, executors, administrators, predecessors, and successors and assigns unconditional release and forever discharge of the Releasees from any and all Released Claims. Likewise, Defendants release and forever discharge the Released Plaintiff Parties for any and all of Defendants' Released Claims.

**Additional Findings and Decrees**

11. **Bar Order**: Upon the Effective Date of Settlement, all persons and entities shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any and all claims, actions, suits, causes of actions, arbitrations, or demands in any forum against any of the Parties for recovery, contribution, indemnification or otherwise for any damages allegedly arising from any of the Released Claims as defined in the Settlement Agreement.

12. **Incorporation of Settlement Documents**: This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on April 1, 2022 (ECF No. 248-1); (b) the Plan of Allocation filed with the Court on April 1, 2022 (ECF No. 248-2); and (c) the Class Notice approved by the Court on April 25, 2022 (ECF No. 256).

13. **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action against Defendants by Settlement Class members.

14. **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Class Settlement Amount; (c) any motion for an award of attorneys' fees and litigation expenses by Plaintiffs' Counsel in the Action that will be paid from the Class Settlement Amount; (d) the Settlement Class members for all matters relating to the Action; (e) the enforcement of the Bar Order against any person; and (f) the interpretation, implementation and enforcement of this Judgment. A separate order shall be entered on the motion of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses and Plaintiff Case Contribution Awards. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of Settlement.

15. **Modification of Settlement Agreement**. Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and
(ii) do not materially limit the rights of Settlement Class members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Contingency Reserve**: A reasonable contingency reserve will be established

and determined by Analytics and Class Counsel to the extent they believe such a reserve is necessary.

17. **Termination**: If the Effective Date of Settlement does not occur or the

Settlement is terminated as provided in the Settlement Agreement, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

**Entry of Final Judgment**

18. The Clerk of Court is expressly directed to enter this Final Judgment and Order of Dismissal pursuant to Federal Rule of Civil Procedure 58, and to close this case.

Date: 9/2/2022                                             KATE M. FOGARTY, CLERK